SUPREME LODGE, KNIGHTS AND LADIES OF HONOR,
Plaintiff; IDA GEISLER, Respondent, v. HENRY
SCHWORM et al., Defendants; HENRY
SCHWORM, Appellant.

St. Louis Court of Appeals, April 18, 1899.

Benefit Certificate: BENEFICIARY CHANGED IN CERTIFICATE. In the
case at bar the deceased intended when she joined the order to give
appellant a proportional interest in the benefit certificate which
would accrue upon her membership; that she afterward changed her
purpose and surrendered that certificate, and took out one in favor of
her own daughter. Held, that appellant has not shown compliance
on his part with the contract set up as the foundation of his claim.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

AFFIRMED.

RASSIEUR & RASSIEUR for respondent.

When Mrs. Schworm joined the order it was incorporated
as a Missouri corporation. Under the laws of Missouri the
benefit can be paid only to persons coming within certain
classes. When the statute, charter or by-laws prescribe the
classes to whom such benefit may be made payable, no one,
outside of these classes can become entitled to the fund. Ney v.
Grand Lodge, 9 Ind. App. 131; Britton v. Royal Arcanum, 46
N. J. E. 102; A. L. of H. v. Smith, 45 N. J. Eq. 466; A. L of
H. v. Perry, 140 Mass. 580. But if this certificate, and the
rights of the beneficiary are to be construed according to the
laws of Indiana, still the appellant can not recover, for the
reason that the order created a relief fund only for the benefit
of persons coming within the classes mentioned in its by-laws.
It might also under the laws of Indiana, have created a fund
for the benefit of others, but has not done so. Therefore this

fund can only be claimed by persons within the classes fixed by the by-laws. Britton v. Royal Arcanum, 46 N. J. E. 102; A. L. of H. v. Perry, 140 Mass. 580. A stepson can not claim the fund payable upon the death of a member of this order. He is neither a blood relative, nor a dependent. Britton v. Royal Arcanum, *supra;* 3 Am. and Eng. Ency. of Law, [2 Ed.], p. 938; Soc. v. McDonald, 122 Pa. St. 324; Gilbert v. Moose, 104 Pa. St. 78; Kimball v. Story, 108 Mass. 382. The beneficiary named in a benefit certificate has no vested interest. Under the by-laws a member may change the beneficiary from time to time, and therefore the beneficiary has only a mere expectancy. This expectancy is destroyed when a change is made in accordance with the by-laws. Ben. Ass'n v. Bunch, 109 Mo. 579; Fischer v. Fischer, 42 S. W. Rep. 448; Ben. Ass'n v. Tooles, 40 Atl. Rep. 448; Soc. v. Burkhart, 110 Ind. 189. And this is true even though the beneficiary has paid the dues and assessments. Ben. Ass'n v. Bunch, 109 Mo. 579; Fischer v. Fischer, 42 S. W. Rep. 488; If the original beneficiary fails to pay the dues and assessments, as agreed, then he certainly can not complain if a change of beneficiary is made. Ben. Ass'n v. Tolles, 40 Atl. Rep. 448; Fischer v. Fischer, 42 S. W. Rep. 448. The trial court decided the facts in favor of the respondent, and the appellate court should defer largely to the findings of the trial court, on account of the superior advantages which the trial court possesses for weighing the evidence and judging the credibility of the witnesses. Unless a preponderance of the evidence is against the decree there ought to be no reversal. Barlow v. Elliott, 56 Mo. App. 374; Short v. Taylor, 137 Mo. 517; Bartlett v. Brown, 121 Mo. 353, 364; Parker v. Roberts, 116 Mo. 657; Taylor v. Cayce, 97 Mo. 242.

M. HARTMANN and F. H. BACON for appellant.

It is settled law that a member of a beneficiary order may become estopped from changing the beneficiary because of a

vested interest of such beneficiary in the fund and that such estoppel is binding upon the new beneficiary because he is a mere volunteer and a court of equity will give effect to such estoppel and award the fund to the person entitled thereto under the contract.   Smith v. Society, 123 N. Y. 85; 25 N. E. Rep. 197; Maynard v. Vanderwerker, 24 N. Y. Supp. 932; 30 Abb. N. C. 134; Jory v. Supreme Council, 105 Cal. 20; 38 Pac. Rep. 524; Supreme Council v. Tracy, 48 N. E. Rep. (Ill.) 402.   Under the laws of Indiana and the articles of association of the order, Henry Schworm was a proper beneficiary.   The limitations of the statute of Missouri do not apply to foreign corporations.   Toomey v. Knights of Pythias, 74 Mo. App. 507; Hoffmeyer v. Muench, 59 Mo. App. 20; Hysinger v. Supreme Lodge, 42 Mo. App. 637.   The order in question was originally incorporated by special act in Kentucky and was authorized to pay benefits to whomsoever the member might appoint.   Afterward it became incorporated in Indiana and worked under that charter only. Under the laws of Indiana, no restrictions whatever are placed upon the power of the member to designate beneficiaries.   The order can exercise any power conferred upon it by its charter, and the charter and not the by-laws are to be looked to in order to ascertain the power of the society.   3 Am. and Eng. Ency. of Law [New Ed.], p. 1048; People v. Chicago Gas Trust, 130 Ill. 268; Wendell v. State, 62 Wis. 304.   A by-law restricting the beneficiary more than the charter is void.   Wallace v. Madden, 48 N. E. Rep. (Ill.) 181.   The law of insurable interest does not apply.   Masonic Ben. Soc. v. Bunch, 109 Mo. 560.   Henry Schworm was a relative within the meaning of the word as used in the articles of association.   Bennett v. Van Riper, 47 N. J. E. 563; 22 Atl. Rep. 1055; Renner v. Supreme Lodge, etc., 62 N. W. Rep. (Wis.) 80.   Stepchildren are included within the meaning of the word "children" as used in the articles of association.   Weiberg v. Minnesota Relief Ass'n, 76 N. W. Rep. 37; Frame v. Modern Woodmen,

67 Mo. App. 127. The court erred in allowing respondent to testify in the case and especially to testify as to conversations with her mother. R. S. of Mo. 1889, sec. 8918; Fink v. Hey, 42 Mo. App. 295.

BOND, J.—The Supreme Lodge Knights and Ladies of Honor is a fraternal benevolent order incorporated in Indiana as the successor of a Missouri and Kentucky corporation having similar objects. Helena Schworm became a member of the order August 16, 1890, while it was working under charters obtained in Missouri and Kentucky, and received a benefit certificate, payable one-fourth to Henry Schworm, and three-fourths to others for whom he was named as trustee. On the twenty-eighth of July, 1893, this benefit certificate was surrendered and a new one issued payable to Henry Schworm, which was likewise surrendered on the sixteenth of January, 1897, and a third one issued, payable to Ida Schworm, now Ida Geisler. On March 10, 1898, Mrs. Schworm died and the order brought the fund into court for a decision of the rival claims thereto Henry Schworm and Ida Geisler. An interpleading was had, wherein the said Henry Schworm based his claims upon an alleged agreement had with the deceased member before her admission to the order that she would join the same and take out for his use a benefit certificate for $2,000, reserving for himself the sick benefits and social advantages derived from the order, provided he would pay all dues and assessments resulting from her membership. The claim of Ida Geisler was predicated upon the benefit certificate in her favor and a denial of the aforesaid alleged agreement. Upon the hearing the court decreed the fund to Ida Geisler. Henry Schworm appealed.

The first question raised by the appeal is whether or not the preponderance of the testimony shows that the agreement set up as the basis of the claim of Henry Schworm was executed on his part? For if this does not appear by the weight

of the evidence the decree in favor of the party named in the certificate, Ida Geisler, must be affirmed, even if the validity of the agreement pleaded, under the general rule denying to the appointee named in a benefit certificate any vested interest therein prior to the death of the member upon whose life it was issued, be conceded, as to which question we expressly withhold any decision in this case.

The evidence shows that Henry Schworm was not related by blood to the deceased member of the order, Helena Schworm, he being the son of her husband by a former marriage; that Ida Geisler, the party named in the benefit certificate extant at the decease of the member is her daughter. While the mere oral testimony in the record tends to show that Mrs. Helena Schworm made the agreement claimed by Henry Schworm with him prior to her admission into the order, the undisputed fact shown by documentary evidence is that she did not execute such an agreement at the time she joined the order for she took out a certificate in which he was named the beneficiary of only one-fourth of the sum payable thereunder. That she actually carried out a different contract from that claimed by Henry Schworm, proves either that she did not make such an agreement, or that she intended to make him pay all assessments and dues arising out of the obtention of the benefit certificate and defraud him of three-fourths of its value. We can not accept the latter view for the following reasons: The undisputed testimony is that the membership dues were paid to the officers of the order, either by Mrs. Schworm in person, or by the instrumentality of some of her smaller children; that Henry Schworm never paid anything to any officer of the order. It is true there is some evidence that he occasionally handed money to Mrs. Schworm at the supper table in her home while he was living there after the death of his father, which occurred about ten years before the trial, but there is no satisfactory evidence that such payments were made to enable the deceased to pay her dues

STATEMENT.

and assessments to the order; on the other hand there is much evidence that such payments were made on account of board and lodging and for borrowed money, and it is conceded that he made no payments at all for more than a year before the death of the member, and had no resources from which he could have made such payments. While there is one witness who testifies that during this period the deceased promised to advance such payments for him, this testimony is inconclusive in view of the fact that the deceased about that time surrendered the certificate in his favor and took out the one in which Ida Geisler was designated as the beneficiary. As the evidence further shows that Henry Schworm was largely indebted to the deceased at this time, it is exceedingly improbable that she promised to advance dues and assessments on his account to continue a benefit certificate which then stood in the name of her daughter, Ida Geisler.

The impression made upon us by the entire testimony is that the deceased intended when she joined the order to give Henry Schworm a proportional interest in the benefit certificate which would accrue upon her membership, as a mark of her interest and affection for him, he being at that time a young man of nineteen residing at her home, and treated as one of the family; that with this in view she caused the original certificate to be made payable one-fourth to him and three fourths to certain smaller children; that she afterwards had a second certificate made out in his favor alone, but when he subsequently left her home and became indebted to her in a considerable sum for borrowed money and proved unthrifty in his business avocation, she changed her purpose and surrendered that certificate and took out one in favor of her own daughter, deeming that she acted generously to her stepson, and determining to transfer the sum in question in the channel of natural affection to her own daughter.

We have not discussed the admissibility of the testimony of Ida Geisler for the reason that no exception was saved at the

time to the ruling of the court admitting it in general, and though there was an exception to one of the answers of this witness interposed at the time, it is not available on this appeal, for the reason that the record shows that the answer did not disclose the conversation which it was the purpose of the exception to exclude. Besides in suits in equity we make our own findings and if the evidence is in the record and exceptions have been properly preserved to its admission or rejection, we pass upon its competency and determine the cause according to the preponderance of that which is competent, excluding all other from view.

Neither have we discussed the question as to whether Henry Schworm belonged to any of the classes to whom under the law benefit certificates may be made payable; or whether the order in question is, under the circumstances in this record, governed by the laws of Indiana or Missouri, for these questions are wholly immaterial in the view forced upon us by this record that he (Henry Schworm) has not shown compliance on his part with the contract set up as the foundation of his claim to the fund mentioned in the benefit certificate.

Our conclusion is that the decree of the trial court was for the right party, and it will be affirmed. All concur.