RICE et al., Appellants, v. SHIPLEY et al.

In Banc, January 25, 1901.

1. **Witness:** DEVISEES: HEIRS. A plaintiff is not a competent witness to establish title in himself as an heir of his deceased mother against the devisees of his deceased father.

2. **Married Woman:** SEPARATE PROPERTY UNDER LAWS OF ANOTHER STATE. Money which was the separate property of a married woman under the laws of another State at the time she came to this State, continues to be her separate property, although at that time she could not under the laws of this State in the same way have acquired the same right thereto. She had a vested right to it, which is entitled to the protection of the laws of this State.

3. ————: ————: GIFT TO HUSBAND: LAND. Where it is clearly shown that the money which bought land in this State was the wife's separate estate under the laws of another State, but that it came into her husband's possession by her consent for the purpose of buying a home for them and their children, and that the land in fact was paid for with this money, it will be held that he took the title in trust for her and her heirs after her death.

4. **Deed to Wife:** HUSBAND'S MONEY. Where the husband's money buys the land, and the deed is made to his wife as grantee, equity will decree the title to belong to his devisees after his death.

Appeal from Cass Circuit Court.—*Hon. W. W. Wood,* Judge.

AFFIRMED IN PART AND REVERSED IN PART AND REMANDED (*with directions*).

*R. T. Railey* and *T. N. Haynes* for appellants.

(1) If the husband, John R. Shipley, received the money from his wife's inheritance under the laws of Pennsylvania, it was impressed with a trust and so remained in this State,

and this is so irrespective of the husband's consent. State ex rel. v. Bank, 80 Mo. 626; Story's Eq. Juris., secs. 1379-1382; Tillman v. Tillman, 50 Mo. 40; Meyer v. McCabe, 73 Mo. 241; Grabill v. Moyer, 45 Pa. 533; Bergy's Appeal, 60 Pa. 408. (2) At common law, the husband did not acquire ownership of the wife's property by reducing it to possession, where it was shown it was not his intention to make it his own. And where it is shown that the husband by his acts and statements, held property and treated and considered it as the separate property of his wife, he is estopped from setting up any claim or denying the trust. Coughlin v. Ryan, 43 Mo. 99; Holthaus v. Hornbostle, 60 Mo. 439; McCoy v. Hyatt, 80 Mo. 130; Wood v. Hicks, 36 Mo. 326; Bowen v. McKean, 82 Mo. 594; Clark v. Clark, 86 Mo. 114; Shaw v. Shaw, 86 Mo. 594; Kinealy v. Macklin, 89 Mo. 433; Botts v. Gooch, 97 Mo. 88; White v. Clasby, 101 Mo. 162; Boynton v. Miller, 144 Mo. 681. (3) For the purpose of raising a resulting trust, the admissions of the party holding the legal title, that the consideration was paid by another, are admissible. Criddle v. Criddle, 21 Mo. 522; Cavin v. Smith, 21 Mo. 444; Morey v. Staley, 54 Mo. 419; Price v. Kane, 112 Mo. 412; Boggess v. Boggess, 127 Mo. 305; Boynton v. Miller, 144 Mo. 681; Tuggle v. Hughes (Tex.), 28 S. W. Rep. 61. (4) The burden is on the husband receiving a deed from his wife, to show that it is the result of her free will and consent after a full disclosure of all the facts and circumstances attending the transaction. Pomeroy's Eq. Juris., secs. 951, 956, 957; Story's Eq. Juris., secs. 218, 307, 308, 329; Cadwalader v. West, 48 Mo. 483; Ranken v. Patton, 65 Mo. 378; Bradshaw v. Yates, 67 Mo. 221; Street v. Goss, 62 Mo. 226; Garvin's Adm'r v. Williams, 44 Mo. 465; Ilgenfritz v. Ilgenfritz, 116 Mo. 429; Allore v. Jewell, 94 U. S. 506; Erhart v. Dietrich, 118 Mo. 418. (5) The evidence discloses the fact that this sixty-acre

tract was in the name of Mrs. Louisa C. Shipley; as to who furnished the money with which it was purchased, the evidence is silent; but even if the purchase money had been furnished by the husband, by having the deed made to his wife, the presumption is that he intended it as a settlement on her, that he meant it as a gift, and the land was just as much her property as if it were purchased with her separate funds, and in considering this case it must be so considered. Street v. Goss, 62 Mo. 228; Bradshaw v. Yates, 67 Mo. 221; 2 Pomeroy's Equity (2 Ed.), sec. 1039; Perry on Trusts, secs. 143, 147; Story's Equity, sec. 1204; Siebold v. Chrisman, 75 Mo. 308; Schuster v. Schuster, 93 Mo. 438; Kinzey v. Kinzey, 115 Mo. 496; Ilgenfritz v. Ilgenfritz, 116 Mo. 429; Saunders v. Saunders, 144 Mo. 482; Schouler on Husband and Wife, secs. 217, 383, 385, and 387.

*Burney & Burney* and *Noah M. Givan* for respondents.

(1) The court can only grant such relief as is warranted by the allegations in the petition. Plaintiffs can not plead a contract or an express trust in the petition as a basis of recovery, and recover upon an implied or resulting trust not pleaded. The petition fails to state a cause of action. It claims under an express trust — an express agreement, and no such written agreement as is required by statute is stated. Newman v. Kenton, 79 Mo. 382; McKnight v. Brady, 2 Mo. 110; Ross v. Ross, 81 Mo. 84; Muenks v. Bunch, 90 Mo. 500; Reid v. Bott, 100 Mo. 66; Bank v. Doran, 109 Mo. 52; Chitty v. Railroad, 148 Mo. 74. (2) Even if a resulting trust is properly pleaded, then the alleged declarations of Shipley, that his wife's money bought the land, and that it belonged to her, do not prove the facts, and is not sufficient to establish a trust. Johnson v.

Quarrels, 46 Mo. 423; Woodford v. Stephens, 51 Mo. 447; Cornett v. Bartlesman, 61 Mo. 127; Modrell v. Biddle, 82 Mo. 36; Berry v. Hartsell, 91 Mo. 136; Ringo v. Richardson, 53 Mo. 394; Kennedy v. Kennedy, 57 Mo. 77; Shaw v. Shaw, 86 Mo. 598; Rodgers v. Rodgers, 87 Mo. 259; Philpot v. Penn, 91 Mo. 44; Allen v. Logan, 96 Mo. 601; Taylor v. Von Shraeder, 107 Mo. 226; Dailey v. Dailey, 125 Mo. 96; Faning v. Doan, 139 Mo. 412; Curd v. Brown, 148 Mo. 92; Roberts v. Walker, 101 Mo. 601; Adams v. Burns, 96 Mo. 363; King v. Isley, 116 Mo. 159; Bradley v. Bradley, 119 Mo. 61; Reid v. Painter, 129 Mo. 682; Price v. Kane, 112 Mo. 419; State to use v. Bank, 10 Mo. App. 487. (3) All the statements alleged to have been made by Shipley—that the land belonged to his wife, were declarations which if competent would tend to prove an express trust which can not be done by parol. Green v. Cates, 73 Mo. 115; Price v. Kane, 112 Mo. 419; Hillman v. Allen, 145 Mo. 644. (4) In 1870, the common law in reference to the property of married women was in force in this State, by which the husband acquired an absolute right to all the money and personal property of the wife, except such as constitute her equitable separate estate. Walker v. Walker, 25 Mo. 376; Sloan v. Torrey, 78 Mo. 625; Alexander v. Lidick, 80 Mo. 341; Flesh v. Lindsay, 115 Mo. 13; Lete v. Bank, 115 Mo. 200. (5) Even if Mrs. Shipley owned any money in Pennsylvania, which by the statutes of that State was her statutory separate estate there, yet, when she and her husband changed their domicil to Missouri in 1870, if they brought her money with them, the rights of the husband to the same must be determined by the laws of the State at that time. Minor v. Cardwell, 37 Mo. 350; Meyer v. McCabe, 73 Mo. 236; Benne v. Schnecko, 100 Mo. 256; 3 Am. and Eng. Ency. of Law, 568, 570; Chapman v. Robertson, 6 Paige Chanc. 521. The statutory separate estate of

the wife is not of the same character as her equitable separate estate.    Bedsworth v. Bowman, 104 Mo. 44; Gwinn v. Smuirr, 101 Mo. 552.

BRACE, P. J.—In January, 1895, John R. Shipley died testate, seized of two contiguous tracts of land in Cass county, Missouri, one containing eighty and the other sixty acres, described in the petition.   He had been twice married. The defendants are his second wife and widow, and her child, devisees of said real estate under the will, and the adminstrator *cum testamento annexo* of his estate.   The plaintiffs are the heirs at law of Louise C. Shipley, the first wife of said testator, who died in November, 1887, intestate, being the children and their descendants of that marriage.

John R. and Louisa C. Shipley were married about the year 1850, in the State of Pennsylvania, and continued to reside there until the year 1870, when they moved with their four children, Emma, Virginia, Louisa and Albert, to Cass county, Missouri, where the said John R. Shipley purchased the eighty-acre tract of M. M. and Isaac Wagner, who by deed dated March 19, 1870, for the recited consideration of $2,960, conveyed said tract to him.   Afterwards the said John R. purchased the sixty-acre tract of W. J. R. Bailey, who by warranty deeds, dated October 21, 1874, and March 26, 1877, conveyed the same to the said Louisa C. Shipley.   Afterwards by deed dated January 21, 1887, the said Louisa C. and John R. Shipley conveyed the sixty-acre tract to Frank L. Rice, who by deed dated January 22, 1887, conveyed the same to the said John R. Shipley.

On the fifth of March, 1895, the plaintiffs instituted this suit.   The petition is in two counts.   The gravamen of the charge in the first count, is "that the eighty-acre tract was purchased by the said John R. Shipley with the money of his

wife, the said Louisa C. which was her separate estate, and the deed taken in his own name in trust for her," and the prayer is, that defendants be divested of whatever title they may have as devisees or heirs at law of the said John R. Shipley, deceased, in that tract, and that the title thereof be vested in plaintiffs.

The charge in the second count is that the deeds from the said Louisa and husband to Rice, and from Rice to the said John R. Shipley to the sixty-acre tract, were without consideration, and were made for the purpose of vesting the title in him in trust for the benefit of the children of the said Louisa C., born of her marriage with the said John R., and that she was induced to execute the deed by the persuasions and promises of her husband at a time when she was in such a condition of body and mind as to be incapable of transacting any business whatever; wherefore she prays like relief as in the first count, as to that tract.

Issue was joined by answer on both counts, and on the trial, the court found the issues on the first count for the defendants, and on the second count for the plaintiffs. To the action of the court in finding for the defendants on the first count, the plaintiffs excepted and in due time filed their motion for a rehearing and for judgment in their favor on the first count, which motion being overruled, they duly excepted. To the action of the court in finding for the plaintiffs on the second count, the defendants excepted, and in due time filed their motions for new trial and in arrest of judgment, which motions were sustained by the court "on the ground that the finding and judgment of the court as to the second count is contrary to the evidence." To this action of the court the plaintiffs also excepted, elected to stand upon their judgment on the second count, and perfected their appeal.

The practical effect of the final action of the trial court

is a finding in favor of the defendants upon the issues in both counts of the petition, and of plaintiff's appeal is to bring the whole case here for review upon the evidence. And as this is an equity case, and as all the evidence offered is before us in the record, it can be reviewed on the legitimate evidence in the case, without regard to any errors that may have been committed in the court below in its formal rulings upon the admissibility of that evidence, and such judgment ordered as is warranted by that evidence. [R. S. 1889, sec. 2304; Padley v. Neill, 134 Mo. 364; Goodrick v. Harrison, 130 Mo. 263; Hanna v. Land Co., 126 Mo. 1; Harlan v. Moore, 132 Mo. 483.]

So without noticing in detail the several objections and exceptions saved to the action of the court upon the admissibility of the evidence, it will be sufficient to say that in reviewing the case, the evidence of one of the plaintiffs, Mrs. Sillex, to facts by which it is sought to establish the title of herself and her co-plaintiffs as heirs of her deceased mother, against the devisees of her deceased father, will have to be excluded from our consideration. [R. S. 1889, sec. 8918; Messimer v. McCray, 113 Mo. 382; Teats v. Flanders, 118 Mo. 660.] And that, seeing no good reason why the depositions of Lydia Pfleger and Ida M. Pfleger, a sister and niece of Mrs. Louisa Shipley, should have been excluded as was done in the court below, so much of their evidence as is legal will be duly considered. The evidence of these two witnesses, taken in connection with a deed and other evidence in the case, tended to prove that in the year 1870, a short time before John R. Shipley and his family left the State of Pennsylvania for Missouri, his wife, Louisa C. Shipley, had in her possession $900 which she had received from the estate of her father, derived from property devised in 1856 by her grandfather to him and his wife for life, and remainder to their children. The evi-

dence further tended to prove that in addition she had other moneys which she had accumulated by her own personal exertions, thrift and economy which together with this sum amounted to between twenty-five hundred and three thousand dollars, all of which she held in her own right, and all of which was afterwards brought to Missouri by her and her husband for the purpose of being invested in lands. By the Married Woman's Act then in force in Pennsylvania (2 Brightley's Purden's Digest, p. 1005, sec. 13), it was provided that "every species and description of property . . . . which shall accrue to any married woman during coverture by will, descent, deed of conveyance or otherwise, shall be owned, used, and enjoyed by such married woman as her own separate property, . . . . and shall not be subject to levy and execution for the debts and liabilities of her husband, nor shall such property be sold, conveyed, mortgaged, transferred or in any manner encumbered by her husband without her written consent first had and obtained, and duly acknowledged before one of the judges of the courts of common pleas of this commonwealth." While it has been held by the Supreme Court of Pennsylvania that a married woman having a separate estate under this act may dispose of it by gift or loan to her husband, that court also holds that "the receipt of the money of a wife by her husband is presumed to be for her use, and the burthen is cast upon him to remove it by evidence establishing a gift, or that it has been expended in the mode, or for a purpose, authorized by her." [Hinney v. Phillips, 50 Pa. St. 382.] "After it has been shown that the property has accrued to the wife under this statute, the presumption is that it continues to be her property, and it lies upon one who asserts it to be the property of the husband to prove a transmission of title either by gift or contract for value. Mere possession by the husband is not proof of such transmission, without which the husband

holds the property as trustee for his wife, whether he keeps the money in his pocket or invests it in real estate." [Grabill v. Moyer, 45 Pa. St. 530; Bergey's Appeal, 60 Pa. St. 408.] Such was the vested right and title of Louisa C. Shipley to this money at the time she left Pennsylvania. It was her separate property when she and her husband came with it into the State of Missouri, and her vested right to it as such was entitled to the same protection of the laws of the State as any other vested right of property, although at that time under the laws of this State she could not have acquired the same right in like manner. [State ex rel. Goldsoll v. Chatham Nat. Bank, 80 Mo. 626; Meyer v. McCabe, 73 Mo. 236.]

There is not a particle of evidence tending to show that the title to this money was ever transmitted to her husband by gift or contract; on the contrary all the evidence tends to show that it came into his possession with her consent for the sole purpose of buying land for a home for them and their children, and that with this money the eighty-acre tract was in fact purchased and paid for. Although he took the title thereto in his own name, thereafter during her life from time to time, under variant circumstances, he continuously declared, in one form or another, in the presence of many witnesses whose evidence is before us in this record, that this tract was paid for with his wife's money that came from her estate in Pennsylvania, and that it belonged to her, and when a few years after its purchase, he bought the sixty-acre tract apparently with his own money, he caused the deed to that tract to tiating the sale at the time, that he wanted that sixty acres of land conveyed to his wife, to pay her in part for what she had paid for the eighty-acre tract. A county road separated these two tracts, the eighty-acre tract or home place being on the south, and the sixty-acre tract on the north side of the road,

and when during his wife's last illness the old barn having burned down, and it became necessary to build a new one, he built it on the sixty-acre tract, across the road from the home place where it would have been more convenient; explaining to witnesses at the time and afterwards that he did so because the eighty-acre tract belonged to his wife, and he wanted the barn on his own land. The evidence further tends to prove that the husband was a locomotive engineer, that he was not always a prudent and thrifty man, that he was absent from home a considerable part of his time; that the wife was a thrifty, industrious and capable woman, who managed well not only the domestic affairs of the household, but the business of the farm as well, as long as she was physically able, as she had formerly managed her own business in Pennsylvania. That she died in the belief that this eighty-acre tract was her own and would go to her children. That her husband maintained and declared during the whole of her life, and even afterwards, until he got him a new wife, that it was hers, and bought with her money. That fact, while abundantly shown by his own declarations, does not rest upon these declarations alone for support, but is declared by all the facts and circumstances that appear in the evidence of the case, as well as by the character, conduct and life, of both husband and wife, during the whole period of their marital relations. It therefore satisfactorily appearing from the legitimate evidence in the case, that the eighty-acre tract was purchased with the separate money of Louisa C. Shipley, deceased, and although the deed was taken by her husband in his own name, that thereafter he himself regarded it as her property, and so treated it, as long as she lived, upon well-settled principles of equity, illustrated by many of the cases cited in briefs of counsel, the finding upon the first count in the petition should have been in favor of the plaintiffs with a decree in their favor as therein prayed for.

II.   Louisa C. Shipley, toward the latter part of her life, became afflicted with a malignant cancer of the womb, and conscious of its character, and of its probable fatal termination, she executed a deed in proper form conveying the sixty-acre tract, the deed to which had been taken in her name but which had in all probability been paid for by her husband, to a mutual friend in order that it might by him be transferred to her husband.   This act of hers, characteristic of her sense of justice and equity, and illustrative of her confidence in her own title to the eighty-acre tract, is challenged by the plaintiffs upon grounds heretofore set out, in answer to which it is only necessary to say that the deeds by which the title to this tract was vested in the husband, rested upon the same character of consideration as that upon which will rest the decree in favor of her heirs as to the eighty-acre tract.   The husband having paid the purchase money for the sixty-acre tract, her sense of equity was, that he ought to have the title to it. That was a true sense of equity, and her deed rested upon an adequate consideration.   There was not a particle of evidence tending to prove that the title thus vested in the husband was to be held by him in trust for their children, nor that she was induced to make the deed by any undue influence exercised over her for that or any purpose.   And while it appears that she was in feeble health at the time the deeds were executed, and at times took injections of morphine to relieve her from intense pain, it also appears very satisfactorily from the evidence, that the deed was voluntarily executed by her of her own free will, at a time when she was in possession of all her faculties, and fully capable of understanding and transacting the business, concerning which she took care to be legally advised.   The finding and judgment on the second count ought to have been for the defendants.

It follows that the finding of the circuit court for defend-

State ex rel. v. Associated Press.

ants on the first count of the petition will be reversed.    The action of the court in setting aside the finding and judgment for the plaintiffs on the second count will be affirmed, and the cause will be remanded to the circuit court with directions to enter up a decree and judgment in favor of plaintiffs as to the eighty-acre tract, as prayed for in the first count of the petition, and a judgment in favor of the defendants on the second count, as to the sixty-acre tract.

All concur. ·

## IN BANC.

PER CURIAM.—The foregoing opinion delivered in Division Number One, is adopted as the opinion of the court in banc, and judgment will be entered as therein directed. *Sherwood, Brace, Marshall* and *Valliant, JJ.*, concurring; *Gantt, C. J.*, and *Robinson, J.*, dissenting; *Burgess, J.*, absent.