LOWELL PALMER, Respondent, v. WILLIAM CRISLE, Appellant.

St. Louis Court of Appeals, February 25, 1902.

1. **Injunction: CONTINUOUS TRESPASSES.** Where continuous trespasses by cutting trees occur and are threatened whereby the value of timber land is greatly impaired, injunction will lie to protect the owner of the land against a continuance of the trespasses, under the Missouri statute, section 3649, Revised Statutes 1899, as well as under the general principles of equity jurisprudence.

2. **Instructions: NOT NEEDED IN SUIT IN EQUITY: PRACTICE, TRIAL: PRACTICE, APPELLATE.** No instructions or declarations in law are needed in a suit in equity. If any are given, error therein is no ground for reversal, as the appellate courts review both the law and the facts in cases of that nature.

3. **Equity: EVIDENCE, REVIEW OF IN APPELLATE COURT.** On reviewing an equity case, error below in admitting evidence is immaterial as the appellate court may discard it and review only the competent and relevant testimony.

4. **Practice, Appellate.** If the trial court reaches a correct result, the appellate court need not scrutinize the reasons therefor.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort*, Judge.

AFFIRMED.

Palmer v. Crisle.

*Lambert E. Walther* for appellant.

(1) To permit injunction to restrain civil trespass, two conditions must concur: Plaintiff's title must be admitted or be established by a legal adjudication; and, the threatened injury must be of such a nature as will cause irreparable damage. Carney v. Hadley, 32 Fla. 344; Gause v. Perkins, 3 Jones Eq. 177; Thompson v. Williams, 1 Jones Eq. 176; Schooner v. Bright, 24 W. Va. 701; Cox v. Douglas, 20 W. Va. 175. (2) The cutting of forest timber suitable for manufacturing lumber for the markets, is not an "irreparable" injury. Lewis v. Lumber Co., 99 N. C. 15; Powell v. Rawlings, 38 Md. 239; Stevens v. Beekman, 1 Johns Ch. Rep. 317, and cases cited under Point I. (3) Plaintiff has an adequate remedy at law. R. S. 1899, sec. 4572; Pearson v. Inlow, 20 Mo. 322. (4) Where there is a complete and adequate remedy at law, injunction will not lie. Burgess v. Kattelman, 41 Mo. 480; James v. Jewett, 20 Mo. 79; Mining Co. v. Mining Co., 50 Mo. App. 525; Spitz-Landauer Co. v. Kerfoot, 42 Mo. App. 102; Hopkins v. Lovell, 47 Mo. 102; Bailey v. Wade, 24 Mo. App. 186; Weigel v. Walsh, 45 Mo. 560. (5) If the injunction is sought upon the ground of insolvency of defendant, then the insolvency must be made out with reasonable certainty. McCormick v. Nixon, 83 N. C. 113; James v. Jewett, 20 Mo. 79. (6) Injunction will not be granted if plaintiff fails to show good title. Cox v. Douglas, 20 W. Va. 175; Wear v. Munson, 62 Ia. 466; Medley v. Medley, 27 Gratt. 571; 2 Beach on Injunctions, sec. 1151.

*William N. Barron* for respondent.

(1) To warrant a resort to the remedy by injunction it is not essential that the person who commits the injury be insolvent or that the injury be irreparable. The test is, would an action for damages afford an adequate remedy? R. S.

1899, sec. 3649; Bank v. Kercheval, 65 Mo. 682; Turner v. Stewart, 78 Mo. 480; Harris v. Township Board, 22 Mo. App. 462; Bailey v. Wade, 24 Mo. App. 186.  (2)  The wrongful stripping of timber land of its forest trees will be stopped by injunction because the injury is essentially ruinous to and destructive of the property; because the property can not afterwards be restored to its original condition and, hence, the injury is irreparable; and because the injury being continuous and repeated, full compensation for the entire wrong can not be obtained in one action at law for damages, the ultimate criterion being the inadequacy of the legal remedy.   Eckelkamp v. Schrader, 45 Mo. 505; McPike v. West et al., 71 Mo. 199; Sullivan v. Rabb, 86 Ala. 433, l. c. 442; Natoma Water & Mining Co. v. Clarkin, 14 Cal. 548.  (3)  "Where growing timber constitutes the principal value of land, the cutting of it by a trespasser constitutes irreparable injury in the equitable sense, and may properly be restrained by injunction."   2 Beach Eq. Jur. (1 Ed.), sec. 720, p. 796; Natoma Water & Mining Co. v. Clarkin, 14 Cal. 548; Halleck v. Meyer, 16 Cal. 574 l. c. 579; Wood v. Braxton et al., 54 Fed. Rep. 1005; United States v. Guglard et al., 79 Fed. Rep. 21; Fleming v. Collins, 2 Del. Ch. 230; Owens v. Lewis, 46 Ind. 488.

BARCLAY, J.—This is a suit in equity to enjoin the cutting of timber upon certain described land in Butler county, Missouri.

The petition, in brief, charges that plaintiff is the owner and in possession of the land, which is chiefly valuable for the timber growing thereon; that defendant wrongfully entered on the land, cut down trees of the value of over $300, persists and threatens to continue cutting the timber which covers said land, and that defendant was engaged (at the time the suit was brought) in continuous trespassing on said land by such acts, and that he is appropriating to his own use the timber so cut. It is further charged that defendant is insolvent; that the

damage is irreparable; that the trees so cut can not be replaced, and that a multiplicity of actions would result from an attempt by plaintiff to vindicate his right to exclusive ownership of the land otherwise than by injunction.

The defenses in the answer include an assertion of lawful possession of the land (under a written license to remove the timber) and a denial of the facts in plaintiff's petition.

An injunction pending the suit was obtained; and the cause was tried in due course before Judge FORT.

The plaintiff showed title to the land by a series of conveyances from the State of Missouri, and the acts of the defendant complained of were practically admitted. They were proved beyond doubt. The trial court found for the plaintiff and made the injunction perpetual.

Defendant after the usual steps for review, took this appeal.

1. The first point of error assigned is that injunction will not lie to prohibit the cutting of forest timber, and that such injury is not irreparable. Along with this contention another is made to the effect that the plaintiff has an adequate remedy at law for any damage of which he may complain.

This contention involves the only question of substance involved in this appeal.

The law of to-day does not require that a person in plaintiff's situation shall submit to the stripping of his timber-land of its forest trees, and then attempt to make his loss good by action for damages. The nature of the property involved and the inconvenience of suing for continuous trespasses, as charged in this case, constitute a basis for equitable relief, long recognized in this State under the statute governing the use of the writ of injunction. R. S. 1899, sec. 3649; McPike v. West, 71 Mo. 199; Turner v. Stewart, 78 Mo. 480; Eckelkamp v. Schrader, 45 Mo. 505; Heman v. Wade, 74 Mo. App. 339.

Our Missouri statute cited certainly was not intended to

Vol 92 app—33

narrow the range of injunction to protect the possession and enjoyment of timber land. The general doctrine of equity governing such facts as appear at bar sanctions the use of the remedy here invoked. Jerome v. Ross, 7 Johns. Ch. 314; Erhardt v. Boaro, 113 U. S. 537; Powell v. Cheshire, 70 Ga. 357; Smith v. Rock, 59 Vt. 232.

Applying the principles declared in the foregoing authorities, it is immaterial whether the defendant was or was not insolvent.

2.   This being a suit in equity, it is wholly unimportant whether the declarations of law which were given at the trial on the circuit are correct or not.   No instructions are needed in such a suit.   They constitute mere expressions of the court's view in a suit in equity.   As the review on appeal includes both the law and the facts, this court does not regard it as necessary to review any such declarations.   They are superfluous and only serve to illustrate the theory which the trial court may have entertained of the subject in hand.   If the conclusion reached is correct, we need not scrutinize the reasons by which the result was reached in the circuit court.   Bissell v. Warde, 129 Mo. 439.

3.   It is not necessary to pass on the exceptions and assignments of error thereon challenging rulings on testimony admitted at the trial, where all the testimony is before the appellate court in a suit in equity.   It is settled law in Missouri that, on appeal, in a case of this sort the review will include all the competent and relevant testimony and discard all that is irrelevant or incompetent, will glean the wheat and reject the chaff, if any there be, in the record.   Rice v. Shipley, 159 Mo. 405; Lodge v. Schworm, 80 Mo. App. 64.

We find from the evidence that the defendant had neither title nor color of title, nor any foundation of right to the timber in question.   His acts complained of and threatened were 'trespasses.   The trial court was entirely right in making the injunction perpetual.   Its judgment is affirmed. *Bland, P. J.*, and *Goode, J.*, concur.