WILBUR T. REED et al., Appellants, v. JOHN R. MORGAN, Administrator, et al., Respondents.

St. Louis Court of Appeals, March 17, 1903.

1. **Will: SUIT IN EQUITY TO CONSTRUE: TRIAL: WILL CONSIDERED OFFERED IN EVIDENCE.** In an action to construe a trust provision of a will, the question as to whether the will, set out in the petition, and the probating thereof affirmed by the trial court in his findings, was offered in evidence: *Held,* that on appeal the case will be treated as though the will had been offered in evidence, though by oversight it had not been formally offered in evidence at the trial.

2. ———: **ADMISSIONS BY DECEDENT NOT COMPETENT, WHEN.** A party to a suit against an administrator is not competent to testify in his own favor as to admissions made by the decedent in regard to matters in controversy in the suit.

3. ———: ———: **ADMISSION RECEIVED WITH CAUTION.** Testimony in a civil action as to admissions by a decedent is to be received with great caution.

Appeal from Shelby Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

STATEMENT.

The plaintiffs brought suit at the April term of the circuit court of Shelby county, setting forth their alleged cause of action in the following petition:

"Now at this day come the said plaintiffs by their attorneys and for cause of action against the said defendants state:

"That on the — day of September, 1880, one Mary Reed, departed this life in the county of Shelby, State of Missouri, leaving a last will and testament in words and figures following, to-wit:

" 'I, Mary Reed, of the county of Shelby, and State of Missouri, being weak and feeble in body but sound of mind, do proceed to make this my last will and testament, and wish the following distribution to be made of my property, to-wit: First, I wish all my just debts to be paid, after which my grandson, L. S. Reed, is to have $200 set apart to his use and benefit when he arrives at the age of twenty-one years. After which my executor to pay my son, Wilbur T. Reed, the sum of $1,000 to make him equal to his brothers, Charles M. Reed and T. W. P. Reed, they having received advancements during my life. I also wish my son, T. W. P. Reed, to have the use of $2,000 during his natural life, after his death the same to go to my sons Charles M. Reed and Wilbur T. Reed, should they be living; otherwise, to my grandsons (to-wit) : L. S. Reed and Frankie R. Reed, after which I wish the remainder of my estate, both real and personal, to be divided into three equal parts, one part I give and bequeath to my son, Charles M. Reed, and one part to my son T. W. P. Reed. Out of the third part I give to each of my two grandsons (namely), L. S. Reed and Frankie R. Reed, the sum of $1,000 each, and the remainder I give and bequeath to my son Wilbur T. Reed. I leave F. M. Harrison my executor.

" 'In witness whereof, I have hereunto set my hand and affixed my seal this 30th day of August, A. D. 1880.
     (Signed.)                         " 'MARY REED.
" 'Witnesses:   B. G. Dysart, Thomas P. Sharp.'

"That the said will was duly proved and admitted to probate by the probate court of Shelby county, and Charles M. Reed, a son of the deceased, was duly appointed as the administrator with the will annexed of the said Mary Reed, deceased, and the said estate had

been fully administered and the said administrator was duly discharged.

"Plaintiffs further state that the said Mary Reed, deceased, left surviving her three sons, namely the said Wilbur T. Reed, Charles M. Reed and T. W. P. Reed, who were the only heirs of the said Mary Reed; that the said Charles M. Reed and T. W. P. Reed have both departed this life since the death of their said mother, Mary Reed; that the said Charles M. Reed died intestate long prior to the death of the said T. W. P. Reed, leaving no children or other descendants; that the said T. W. P. Reed died intestate in the county of Shelby, in the month of March, 1900, leaving as his sole heir, a daughter, the defendant Laura Morgan, who was and is his only child and heir at law; that the plaintiffs L. S. Reed and Frankie R. Reed are sons of their co-plaintiff, Wilbur T. Reed, and grandsons of the said Mary Reed, deceased, and the said Laura Morgan is made a party defendant, as she claims or may claim some interest in the fund sued for.

"Plaintiffs further state that the said will of the said Mary Reed, deceased, contains the following item and bequest, to-wit: 'I also wish my son, T. W. P. Reed, to have the use of $2,000, during his natural life, after his death the same to go to my sons Charles M. Reed and Wilbur T. Reed, should they be living, otherwise to my grandsons (to-wit); L. S. Reed and Frankie R. Reed.'

"Plaintiffs further state that in pursuance of the said provision and bequest, the said Charles M. Reed in his lifetime and while administrator of the estate of the said Mary Reed, deceased, and soon after his appointment in the year 1880, and intending to carry out the provisions of the said bequest, turned over and paid to the said T. W. P. Reed the sum of $2,000 in trust, to be held and used by him during his natural life, which said sum of $2,000 was received by him, the said T. W. P. Reed, and the same was held, used and enjoyed by

him with the interest and income thereof until his death as aforesaid in the month of March, 1900.

"Plaintiffs further state that upon the death of the said T. W. P. Reed, as aforesaid, the defendant, John R. Morgan, applied for letters of administration upon his estate, and he, the said John R. Morgan, was duly appointed as the administrator of his estate by the probate court of Shelby county in the State of Missouri, on or about the — day of March, 1900, and he is now duly qualified and acting administrator of the estate of the said T. W. P. Reed, deceased.

"That the said T. W. P. Reed died seized of a large estate in real and personal property, in value not less than $10,000, all of which came into the hands of the said administrator, John R. Morgan, together with the said trust fund of $2,000, and the said defendant John R. Morgan, as administrator as aforesaid, now holds and has the custody of the said trust fund hereinbefore mentioned.

"Plaintiffs further state that the said Charles M. Reed died before the said T. W. P. Reed, and hence took no interest in said trust of $2,000, as plaintiffs are informed and believe; that the plaintiffs Wilbur T. Reed, L. S. Reed and Frankie R. Reed are the persons mentioned in the said provisions and bequest, and are the sole surviving beneficiaries of the said trust fund of $2,000; that when said Charles M. Reed died his half of said trust fund went to and vested in the said plaintiffs, L. S. Reed and Frankie R. Reed; the other half to the plaintiff Wilbur T. Reed, upon the death of said T. W. P. Reed, that is to say, the said Wilbur T. Reed is entitled to the one-half thereof, and the said L. S. Reed and Frankie R. Reed are entitled to the remainder thereof as plaintiffs are informed and believe.

"Plaintiffs further state that a controversy has arisen between the plaintiffs and defendants as to the construction of that item and bequest above quoted, and the plaintiffs and defendants can not agree upon the

proper construction of the said provision of the said will of Mary Reed, deceased, and the said defendant John R. Morgan, as the administrator of the estate of the said T. W. P. Reed, deceased, declines and refuses to pay said trust fund to the plaintiffs, or either of them, without the order of this court, and a judicial construction of the said item and bequest involving the said trust fund of $2,000, and plaintiffs aver that it is important and necessary that the said item of the said will be construed by this court so that the administration of the said estate may not be delayed or obstructed, and that the said administrator may be protected by the judgment of this court in the disposition and payment of the said trust fund so held by him.

"Wherefore, these plaintiffs pray the court to give a proper judicial construction of the said item and bequest hereinbefore quoted and set out, having reference to the said trust fund of $2,000, and that this court order and adjudge to whom the said trust fund belongs and to whom the same ought to be paid, and upon a final hearing of this cause that plaintiffs may have judgment against the said defendant John R. Morgan, as administrator aforesaid, for the sum of $2,000, with such interest as they may be entitled to in the premises, and in what proportion the said trust fund shall be apportioned as between the plaintiffs."

The answer of defendants was as follows:

"Now come defendants and for their answer herein admit that John R. Morgan is the duly qualified and acting administrator of the estate of T. W. P. Reed, deceased, as alleged in plaintiffs' petition; and further answering they deny each and every allegation in said petition contained and having fully answered they pray to be discharged with their costs in this behalf expended."

At the conclusion of the evidence plaintiffs requested the court to make a special finding of facts

separate from its conclusions of law in the following form:

"The court finds the facts under the testimony as follows, to-wit:

"That the will of Mary Reed gave to T. W. P. Reed the use of two thousand dollars to have and to hold during his natural life, and after his death, the same to go to her two sons, Charles M. Reed and Wilbur L. Reed, if living, 'otherwise' to her grandsons L. S. Reed and Frankie R. Reed. That Mary Reed died in the year 1881, and her will was duly probated in the probate court of Shelby county, Missouri, and that Charles M. Reed was duly appointed as administrator with the will annexed; that the said Mary Reed died seized of and owning a large estate in real and personal property, sufficient to pay all devises and bequests provided for in said will; that the said administrator at or soon after his appointment paid over to the said T. W. P. Reed the said sum of $2,000, which he held and enjoyed with the interest and income thereon during his lifetime, and that he, the said T. W. P. Reed, died on or about the —day of March, 1900, owning a large amount of property, real and personal, not less than ten thousand dollars in value, and having in his possession and control the said trust fund of $2,000; that the said John R. Morgan is the lawful administrator of the estate of him, the said T. W. P. Reed and now holds the said trust fund of $2,000.

"And the court finds on a construction of the said will that the plaintiff, Wilbur T. Reed, is entitled to one-half of said trust fund, and that the other plaintiffs, L. S. Reed and Frankie R. Reed, are entitled to the remainder thereof."

The court rejected the plaintiffs' finding of facts and made the finding following:

"The court finds that Mary Reed, deceased, by her last will duly probated, bequeathed to T. W. P. Reed, defendant John R. Morgan's decedent, the use of $2,000

during his natural life, after his death same to go to her sons, Charles M. Reed, now deceased, and plaintiff, Wilbur T. Reed, should they be living, otherwise to her grandsons, the plaintiffs, L. S. and Frankie R. Reed.

"That said Mary Reed in her said will also bequeathed $200 to plaintiff L. S. Reed and the sum of $1,000 to each of the plaintiffs; that said Wilbur T. Reed, Charles M. Reed and T. W. P. Reed were residuary legatees under said will and took the remainder of the estate of said Mary Reed, deceased, after the payment of debts and said specific legacies.

"That Charles M. Reed was appointed, duly qualified and acted as administrator with the will annexed, of the said Mary Reed, deceased, and as such fully administered said estate.

"That no personal assets came into the hands or possession of said administrator.

"That the residuary legatees advanced money to pay the said specific legacies to L. S., Frankie R. and Wilbur T. Reed, and made a voluntary division amongst themselves of the estate of the said Mary Reed, deceased, without further regarding the terms of said will.

"The court further finds from the evidence that the alleged trust fund of $2,000 was not paid to T. W. P. Reed by Charles M. Reed as the administrator of the estate of Mary Reed, or otherwise, hence the judgment of the court is that the plaintiffs are not entitled to recover in this case, and that they shall therefore take nothing by their writ."

Judgment was entered for defendants from which the plaintiffs, after proper steps, have appealed.

*W. O. L. Jewett & Son* and *Dysart & Mitchell* for appellants.

(1) The plaintiff, Frankie R. Reed, was a competent witness to prove the admissions of T. W. P.

Reed, and it was error to exclude his evidence. Section 4652, Revised Statutes 1899, is an enabling, not a disabling act. (2) The plaintiff's right of action is not derivative through any contract. No contractual relation exists between the plaintiff and any other person, nor between the persons through whom plaintiff claims and any other person. (3) At common law a party was excluded on account of interest, but by the statute interest in the result of the suit does not disqualify; T. W. P. Reed was in no contractual relation with any person in reference to this $2,000 fund. He took by the will, and while he believed he held the principal in trust for the remaindermen, who are the plaintiffs in this action. Reed v. Painter, 145 Mo. 341, and case cited. (4) It does not appear that the case of Reed v. Painter has ever been overruled or criticised, and the doctrine of the case is not at all impaired by the cases of Miller v. Slupsky, 158 Mo. 643, and Rice v. Shipley, 159 Mo. 399.

*W. T. Ragland* and *Geo. W. Humphrey* for respondent.

The case of Read v. Painter, 145 Mo. 341, is in conflict with Meier v. Thieman, 90 Mo. 433; Lins v. Lenhardt, 127 Mo. 271; Messimer v. McCray, 113 Mo. 382; Miller v. Slupsky, 158 Mo. 643; and Rice v. Shipley, 159 Mo. 399. This last case in effect overrules Read v. Painter, supra; the facts in this case are very similar, the point involved identical. The case of Read v. Painter was decided in Division Two of the Supreme Court, Judge GANTT delivering the opinion. The case of Rice v. Shipley was decided by the Court in Banc, Judge GANTT dissenting; the opinion in the case of Rice v. Shipley is therefore the law.

REYBURN, J.—It is insisted by respondents that appellants failed to formally introduce in their proof the will of Mary Reed, deceased, as attested by the

printed abstract of record, and, therefore, they wholly failed to establish any cause of action at the trial by the omission of so important a link in their chain of evidence. The petition of plaintiffs' embodied the will, and the trial court in its finding of the facts affirms tne probating of the instrument, so that it is apparent that the case was tried as if it were before the court, and even if by oversight the document was not formally in evidence, we shall treat the case as if it had been so formally tendered, on the general rule approved in the following and many other cases in this State: School Dist. v. Holmes, 53 Mo. App. 487; Crossland v. Admire, 149 Mo. 650.

The respondents offered no proof, and the testimony of the appellants upon the paramount issue, whether the trust fund of $2,000, had ever been paid to T. W. P. Reed, by the administrator of Mary Reed, was made up of the deposition of James P. Williams, then a non-resident, formerly of Monroe county, Missouri, and the oral testimony of Mary L. Reed, widow of Charles M. Reed, both to the effect that T. W. P. Reed, had received a letter from his brother, Wilbur T. Reed; Mrs. Reed stated that T. W. P. Reed had received such letter in the spring of 1897, that she had read it and therein Wilbur Reed asked his brother to send him $1,000, that he was in hard circumstances and needed the money, and T. W. P. Reed said he did not think Wilbur had any right to ask him for the money, that he would need it worse after a while when he was older and that it would be time enough for him to have it when he was through with it. The conversation narrated by Williams was at a street corner in Shelbina, about the same time as the period fixed by Mrs. Reed of the admissions made to her by T. W. P. Reed. Williams deposed that he did not see the letter T. W. P. Reed spoke of having from his brother in California, asking him for a thousand dollars he was supposed to

get at his death, and speaking of being hard up and needing the money badly, and T. W. P. Reed went on to say that he thought his brother would need it worse after he got through with it, that he did not propose to give it to him until then.

There was testimony to support the other facts found by the court, but plaintiffs made no effort except by the parol admissions of T. W. P. Reed, above narrated, to prove that he ever received the sum of money as averred.

The administration of the estate of Mary Reed by Charles M. Reed did not tend to prove that the latter had ever paid such sum to defendant's intestate, the inventory scheduled no personalty and the administrator in his first settlement did not charge himself with any personal assets, and in his final settlement debited himself with $3,200 as the amounts of money received by him as administrator from T. W. P. Reed and Charles M. Reed in dividing between them and W. T. Reed the realty left by Mary Reed, and took credit for the same sum as disbursed, under the provisions of the will to L. S. Reed, Frank Reed and W. T. Reed, legatees therein named. Appellants sought to examine Frank R. Reed, respecting admissions in a conversation with T. W. P. Reed, but he was excluded by the court. He was a co-plaintiff and at common law would have been disqualified by his interest in the result of the action. Greenleaf, Evidence, sections 390, 392, 396. T. W. P. Reed being dead, he was debarred from testifying in his own favor, and if this position seems antagonistic to the ruling of the Supreme Court in the case of Read v. Painter, 145 Mo. 341, it is in harmony with decisions of that tribunal prior and subsequent. Miller v. Slupsky, 158 Mo. 643; Rice v. Shipley, 159 Mo. 399; Lins v. Lenhardt, 127 Mo. 271; Messimer v. McCray, 113 Mo. 382; Muir v. Thurman, 90 Mo. 433.

The plaintiff's testimony to establish the collection by T. W. P. Reed from the administrator of Mary Reed

of the sum in dispute consisted wholly of statements of witnesses of parol admissions of T. W. P. Reed, deceased, prior to the suit, a character of testimony of limited probative force, which has been pronounced by eminent authorities dangerous and the most unreliable of all evidence, to be received with great caution and tolerated rather than favored by the courts. Pitts v. Weakley, 155 Mo. 109. The verbal admissions depended upon by appellants are far from being strong, unequivocal or convincing, but are obscure, vague and inferential and are not corroborated by any attending circumstances; the files of the estate of Mary Reed, deceased, offered by appellants, tend to discredit rather than to corroborate any inference to be properly drawn from the meagre conversations detailed.

The finding of facts by the court is a substitute for a special verdict, though not to be considered so critically as a special verdict (Nichols v. Carter, 49 Mo. App. 401; Land Co. v. Bretz, 125 Mo. 418), and after a careful review and consideration of the testimony, we can not say that from the grade and measure of proof relied on by plaintiffs for their recovery that the judgment of the court upon the principal issue was unwarranted in its finding thereon, or that any error was committed in determining that the fund had not been paid over from the estate of Mary Reed to T. W. P. Reed, and the judgment will accordingly by affirmed. *Bland, P. J.,* and *Goode, J.,* concur.