## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

### AT THE

### OCTOBER TERM, 1904.

---

*(Continued from Volume 108.)*

---

### SPIRO, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

#### St. Louis Court of Appeals, December 13, 1904.

**PRACTICE: Failure of Proof.** Where plaintiff, in an action for damages on account of personal injuries, received by a collision with a street car, charged in his petition that the accident was caused by the negligence of the defendant in failing to observe the regulations of a city ordinance, but failed to introduce the ordinance in the evidence, and the trial court instructed the jury on the theory that the ordinance was in evidence, though there was nothing to show that the defendant recognized the ordinance was in evidence, a judgment in favor of the plaintiff must be reversed and remanded by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

REVERSED AND REMANDED.

*Sears Lehmann* with *Geo. W. Easley* for appellant; *Boyle, Priest & Lehmann* of counsel.

(1) The peremptory instructions in the nature of demurrers to the evidence offered by defendant at the close of plaintiff's testimony, and again at the close of all the testimony, should have been given. For: (a) This case is found exclusively on the violation of an alleged ordinance of the city of St. Louis. Spiro v. Transit Co., 102 Mo. App. 260, 76 S. W. 684. (b) No ordinance of the city of St. Louis was proved. (2) Facts essential to plaintiff's recovery must be proved as well as alleged and the existence of an alleged ordinance is like any other fact put in issue by defendant's denial and must be proved. Keane v. Klausman, 21 Mo. App. 485; St. Louis v. Railroad, 12 Mo. App. 591; Cox v. St. Louis, 11 Mo. 431; Mooney v. Kennett, 19 Mo. 551; St. Louis v. Roche, 128 Mo. 541, 31 S. W. 915; Fuhrman v. City of Huntsville, 54 Ala. 263; Garland v. Denver, 11 Colo. 534, 19 Pac. 460; Freeman v. State, 19 Fla. 552; Railroad v. Young, 81 Ga. 397, 7 S. E. 912; People v. Buchanan, 1 Idaho 681; Weaver v. Snow, 60 Ill. App. 624; Goodrich v. Brown, 30 Ia. 291; City v. Nichols, 48 Kan. 430, 29 Pac. 679; City v. Labatt, 33 La. Ann. 107; Shanfelter v. City, 80 Md. 483, 31 Atl. 439; City v. Burke, 23 Minn. 254; City v. Ashley Co., 34 S. C. 541, 13 S. E. 845; City v. Walton, 68 Tex. 507, 5 S. W. 70; How v. Railroad, 38 Wis. 463.

*John J. O'Connor* for respondent.

At the trial counsel for plaintiff read to the jury the city ordinance, involved in this case, from the plaintiff's complaint, and thereafter throughout the trial said ordinance was treated by court, counsel and parties as being in evidence; this reading of the ordinance is shown by the bill of exceptions, filed by the defendant. And where the trial is had with reference to a

certain paper or piece of evidence, neither party will be permitted to complain after the verdict that such paper or piece of evidence was not formally offered by the party using it. Reed v. Morgan, 100 Mo. App. 713, 73 S. W. 381; School District v. Holmes, 53 Mo. App. 488; Crossland v. Admire, 149 Mo. 650, 51 S. W. 463.

STATEMENT.

This case was here on a former appeal and is reported in 102 Mo. App. 250. It is here this time in short form with a very much abbreviated statement of the evidence. The petition set forth section 1760, article 6, McQuillin's Municipal Code, from the first to the seventh subdivision inclusive, known as the vigilant watch ordinance, and alleged injury to plaintiff's horse and wagon by being struck by one of defendant's cars running on Laclede avenue, in the city of St. Louis, and averred that the collision between plaintiff's wagon and the car was due to the negligence of defendant's servants in failing to observe and obey the fourth clause of the vigilant watch ordinance. It is alleged that defendant's servant's saw the plaintiff's wagon in time to have stopped the car and avoided the collision but negligently failed to do so; also, that the defendant's servants, by keeping a vigilant watch ahead, would have seen the perilous position of plaintiff's horse and wagon in time to have stopped the car and averted the collision, but neglected to do so.

The driver of the wagon testified that on the second day of December, 1902, at ten o'clock, on a dark and foggy morning, he was an employee of plaintiff and as such was driving plaintiff's horse and wagon west on Laclede avenue, in the north track of defendant's street railway. He looked for cars, both before and after he went on the track, but saw none, and when he had proceeded about seventy-five feet was struck in the rear by a west-bound Laclede avenue car.

John Fay, a witness for plaintiff, testified that he saw the accident in question in this case. "The wagon had been travelling west in the north track for about seventy-five feet when a west-bound car came up from behind and struck it, turning it clear around. The car was running pretty fast. It was a wet day and the street was sloppy."

Plaintiff offered a witness who, after qualifying as an expert, testified that if the car, which collided with the wagon had been running at a speed from fourteen to fifteen miles per hour, it could have been stopped in from forty-five to sixty feet.

The ordinance set out in the petition was not offered in evidence but was read to the jury when the petition was read in the opening of the case by the plaintiff's attorney.

The motorman testified that he was in charge of the car in question. He saw the wagon in question going west on Laclede avenue in the south-bound track when about fifty feet from him. It crossed in front of his car onto the north-bound track and was struck before he could stop his car. He was going fourteen miles an hour, and ran seventy-five feet after hitting the wagon. The day was dark and rainy. Under the circumstances he believed the car could have been stopped in one hundred feet. This evidence was corroborated by the conductor and two passengers who were on the car at the time of the collision.

At the close of all the evidence defendant moved the court to instruct the jury that under the law and the evidence the plaintiff was not entitled to recover. The court refused this instruction and the jury, after receiving instructions from the court, found a verdict for plaintiff for one hundred and three dollars. Defendant appealed.

BLAND, P. J. (after stating the facts).—As was said when the case was here on the former appeal,

"The petition counts exclusively on the violation of that clause of an ordinance of the city of St. Louis regulating the management of street cars." The ordinance was not offered or read in evidence. We can not take judicial notice of this ordinance, therefore, there is an absolute failure to prove the very foundation upon which plaintiff predicates his right to recover, unless, as is contended by the plaintiff, the reading of the ordinance as set forth in the petition, when he made his opening statement, placed the ordinance before the court and the jury in such a way that it was thereafter recognized by both parties as being part of plaintiff's evidence, and was treated as such on the trial. Reed v. Morgan, 100 Mo. App. 713, 73 S. W. 381, is cited and relied upon as supporting this contention. The Reed case was an action to construe a trust provision of a will. The will and the probating thereof was set out in the petition, but, through an oversight, the will was not formally offered in evidence. On appeal it was held that the case would be treated as though the will had been offered in evidence, the case, having been heard in the trial court as though it was before the court. The very subject of inquiry in the Reed case was the will, and all the evidence introduced was in respect to the will and both parties treated it not only as the subject-matter of the controversy, but as being before the court for construction. It was not merely a piece of evidence offered in the case to support an issue, but was the very gist of the whole matter under investigation. The ordinance pleaded by plaintiff was nothing more than a piece of evidence to furnish a foundation upon which he might recover if he could show its violation by defendant's servants. It was not the gist of the action, but only a link in the chain of evidence relied upon by plaintiff to make out his case, and it seems to us that it was just as essential to prove there was such an ordinance as it was to introduce evidence to show its violation. There is nothing in the record to

show that the defendant, at any time, by any step taken by it on the trial, or by any concessions made by it, recognized the fact that the ordinance was before the court and the jury as evidence. It is true, the court instructed the jury, on the part of plaintiff, on the theory that the ordinance was in evidence, but defendant objected to these instructions and asked none on its part in which the ordinance is referred to or which indicate that it recognized the fact that the ordinance was in evidence. Defendant's instructions all refer to common law negligence, which negatives the idea that it acknowledged or admitted that the ordinance had been introduced as evidence in the case. The omission was an oversight, an unfortunate one for the plaintiff, but it is one that cannot be remedied by us.

The judgment is reversed and the cause remanded. All concur.