Carl G. Fullerton, Homer E. Fullerton, Lucile Stocklos, Thomas M. Fullerton, Alma J. Geary and Frank R. Fullerton, Appellants, v. George B. Fullerton and Alma Judson.—132 S. W. (2d) 966.

Division One, November 3, 1939.

*John E. Powell, Walter E. Walsh* and *Walter A. Raymond* for appellants.

218

*J. Howard Woods* for respondent.

CLARK, J.—Appeal from the Circuit Court of Mercer County. The suit is by some of the heirs of T. M. Fullerton, deceased, against all his other heirs and seeks to adjudge the title to certain described land in, and partition the same among, said heirs. The petition, among other things, alleges that the second paragraph of the will of T. M. Fullerton, deceased, created a trust; that on the death of said T. M. Fullerton, the defendant George B. Fullerton received as trustee something more than $2000 which he held and invested until 1896, when he used the trust fund to purchase the real estate described in the petition and took the title in the name of Mary Jane Cain, in violation of the terms of the trust; that said Mary Jane Cain (a daughter of said T. M. Fullerton) died in April, 1936, leaving no widower or descendants; that she left a will, dated in March, 1931, purporting to devise said real estate to said George B. Fullerton; that in May, 1936, said George B. Fullerton recorded a deed purporting to have been executed by said Mary Jane Cain in January, 1936, and purporting to convey said land to said George B. Fullerton; that both the attempted devise and conveyance of the trust property by said Mary Jane Cain are void.

The separate answer of defendant, George B. Fullerton, denies that he invested any funds of the estate of T. M. Fullerton, deceased; alleged that he purchased and paid for the land in question and took the title in the name of his sister, Mary Jane Cain, "in order that she might receive the income therefrom for her support;" that immediately after the purchase the said Mary Jane Cain executed and delivered a deed conveying the property to him, which deed was lost or destroyed; that in 1936 Mary Jane Cain executed and delivered the deed mentioned in plaintiffs' petition; that he is the sole and unconditional owner of the land and prays the court to so decide.

The only other defendant, Alma Judson, filed a separate answer stating that she "is informed and believes that the real estate de-

scribed in plaintiffs' petition is and has been for several years the property of defendant, George B. Fullerton;'' and she disclaims any interest.

Judgment was for defendant, George B. Fullerton, and plaintiffs have appealed.

The defendants offered no proof in the trial court and have filed no brief in this court.

The proof showed that T. M. Fullerton executed his will in February, 1890, and died in July of the same year. The will was duly admitted to probate, but no further proceedings were had in administering the estate. The second paragraph of said will reading as follows:

"To my daughter, Mary Jane Cain, I give and bequeath the sum of Two Thousand ($2000.00) Dollars, in money, and in addition thereto that my forty (40) acre tract of timber land lying in Section Thirty-five (35) Township Sixty-five (65) Range Twenty-four (24) East of Princeton, be sold and the proceeds of said sale be added to said Two Thousand Dollars, and that the same be loaned on ample real estate security at the best rate of interest attainable, interest payable annually, and that said interest be paid to her annually, as long as she lives, and in case of her death then said amount to go to her children, and in case she dies without children living then said sum of money is to be paid to my heirs. And, in addition thereto, I will and direct that my son, Frank R. Fullerton pay her the sum of Four Hundred ($400.00) Dollars, in payments as he may be able to spare the money out of his business."

Frank R. Fullerton was sworn as a witness for plaintiffs, whereupon the attorney for defendants objected "to any testimony by the witness, Frank R. Fullerton, for the reason it appears from the pleadings that he is not a competent witness for any purpose in this cause, in that the contracts or agreements which formed the issues now on trial are alleged to have been made between the dead ancestor of Frank R. Fullerton and Mary Jane Cain, also deceased, and for the further reason that it appears under the plaintiffs' petition that a warranty deed, attacked by the plaintiffs, was made by Mary Jane Cain, deceased sister of Frank R. Fullerton."

The trial court overruled the objection and this witness testified: that T. M. Fullerton died in 1890 leaving five children; Frank R. Fullerton, Thomas Fullerton, George B. Fullerton, Alma Judson, and Mary Jane Cain; that Mary Jane Cain died leaving no husband or descendants; that Thomas died leaving four children, all of whom are plaintiffs; that about a week before the death of T. M. Fullerton, the witness and his mother delivered to defendant, George B. Fullerton, somewhat more than $2000 in gold belonging to T. M. Fullerton; that only the witness, his mother, and said defendant were present (witness attempted to relate the directions of his father con-

cerning the delivery of this money, but defendants' objection was sustained and the testimony excluded); that in 1896 a meeting was held at which were present the witness and his wife, defendant George B. Fullerton and wife, defendant Alma Judson, and Mary Jane Cain and husband; that at this meeting the defendant, George B. Fullerton, stated that he had increased the fund received from the witness to more than $3200 and wanted to invest it for Mrs. Cain, under the terms of the will, in the tract of land described in the petition upon which was and still is a brick building; that this was agreed to and the money so invested; that witness talked to said defendant several times thereafter about this investment. The wife of Frank R. Fullerton corroborated the testimony of her husband as to the conversations with and statements by defendant at the meeting in 1896. Carl Gannon, a carpenter, testified that he did repair work on the building at different times and was paid by Mrs. Cain; that at one time she told him she had money tied up in the building which came from her father's estate; that George B. Fullerton never hired him or paid him to work on the building; Garrett Thogmartin, also a carpenter, gave substantially the same testimony as Gannon and also said that Mrs. Cain told him she had a fund of some kind that she could use to keep the building up.

At the close of plaintiffs' evidence, on April 21, 1937, the defendants presented to the court the following demurrer or motion:

"A. Now at the close of Plaintiffs' evidence, the Defendants move the Court to render Judgment in favor of the Defendants in this cause, for the reason that the evidence offered on behalf of the plaintiffs is wholly insufficient to sustain the allegations of the plaintiffs' petition, and wholly insufficient to entitle the plaintiffs under the law to recover in this action."

Then the record shows that defendants rested their case; the court took the matter under advisement until the next term and, on September 20, 1937, found the evidence insufficient, sustained defendants' motion, denied plaintiffs' petition and rendered judgment for defendants and against the plaintiffs for the costs. In due time plaintiffs filed motion for new trial, which was overruled by the court. Plaintiffs saved their exceptions and appealed to this court.

■ This being an equity case, defendants' motion for judgment or demurrer to plaintiffs' evidence had no effect except to rest the case and submit it to the chancellor for decision on the merits. [Troll v. Spencer, 238 Mo. 81, 141 S. W. 855; Jacobs v. Cauthorn, 293 Mo. 154, l. c. 162, 238 S. W. 443.] In fact, the record shows that defendants did rest their case and it is here for trial *de novo* and decision on the evidence adduced.

■ If admissible, we think the evidence is sufficient to establish the fact that funds of T. M. Fullerton, deceased, were received by defendant, George B. Fullerton, to be invested under paragraph two

of the will of said T. M. Fullerton, and that said funds were used to purchase the land in suit. We are fortified in this conclusion by the circumstances that, although both defendants are claimed to have been present when the agreement to invest the funds is alleged to have been made, neither of them attempted to take the stand and deny such agreement. [Cuthbert v. Holmes (Mo.), 14 S. W. (2d) 444, l. c. 446; Howard v. Zweigart (Mo.), 197 S. W. 46, l. c. 49.]

■ The will of T. M. Fullerton, deceased, created a life estate only in Mary Jane Cain, and, since no children survived her, the remainder would descend to the heirs of said T. M. Fullerton. [Freeman v. Maxwell, 262 Mo. 13, 170 S. W. 1150.] This is true although no trustee was named in said will. [65 C. J., pages 223, 575, 590.]

■ Plaintiffs' case, in part, rests upon the testimony of Frank R. Fullerton. If this were a law case we would have to hold that defendants' objection to the testimony of this witness was too general to convict the trial court of error in its ruling, because the objection was to all testimony by the witness. [Elsea v. Smith, 273 Mo. 396, l. c. 408, 202 S. W. 1071.] But, since this case is in equity, it is our duty to pass upon the question. [McKee v. Downing, 224 Mo. 115, l. c. 135, 124 S. W. 7.] Defendants' counsel, to sustain his objection, cited to the trial court the following cases: Warfield v. Hume, 91 Mo. App. 541; Rice v. Shipley, 159 Mo. 399, 60 S. W. 740, and Curd v. Brown, 148 Mo. 82, 49 S. W. 990.

■ In Warfield v. Hume, supra, a son attempted to testify as to transactions between his deceased father and another man, Hume, who was also dead when the trial was had. The testimony was properly excluded because: Hume being dead the other party to the transaction, if living, would have been incompetent to testify and those claiming under him were also incompetent. A similar ruling was made on similar facts in Rice v. Shipley, supra. Neither of those cases is authority for defendants' contention in the instant case. The case of Curd v. Brown, supra, does sustain defendants' contention, but it was expressly overruled by this court in Weiermueller v. Scullin, 203 Mo. 466, 101 S. W. 1088, and, so far as we know, has not been followed since.

Section 1723, Revised Statutes 1929 (Mo. Stat. Ann., p. 3994), first removes any disqualification to testify on account of interest in the result, then says: "that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead . . . , the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, and no party to such suit or proceeding whose right of action or defense is derived to him from one who is, or if living would be, subject to the foregoing disqualification, shall be admitted to testify in his own favor, except . . ." etc.

We see nothing in the statute that disqualifies the witness, Frank R. Fullerton. He is not disqualified because of his interest in the result of the suit; nor because he is claiming under his deceased father (for his father, if living, would not be disqualified). He testified that he delivered money to the defendant, George B. Fullerton, and attempted to testify to his father's directions concerning this money, but the latter part was excluded. He testified that said defendant admitted that the money belonged to his father and was to be invested under the terms of his father's will. He did not testify to any transactions to which his father was a party. In fact, the testimony which was actually admitted, does not show that his father was ever present or knew anything about the transactions. All the transactions were between the witness and defendant, George B. Fullerton, both of whom were living and present at the trial. The witness was not disqualified. [McKee v. Downing, supra; Wagner v. Binder, 187 S. W. 1128; Weiermueller v. Scullin, supra.]

Defendants' objection was also based on the fact that Mary Jane Cain was dead at the time of the trial. All of her heirs are parties to this suit (they being the same persons as the heirs of her deceased father), but none of them claim title through her. The plaintiffs claim that she never owned more than a life estate. Defendant, George B. Fullerton, does not claim through either the will or the deed of Mary Jane Cain; he claims that he purchased and paid for the land with his own funds and owned the equitable title at all times since.

The uncontradicted testimony shows that Frank R. Fullerton delivered to defendant, George B. Fullerton, certain money belonging to T. M. Fullerton, now deceased; that it was used to purchase the land in question and that defendant admitted he invested it under the terms of the will of T. M. Fullerton. If the money was delivered by direction of T. M. Fullerton that it be invested under the terms of his will, or if it was received by the said defendant under an agreement to so invest it, the plaintiffs are entitled to recover. On the other hand, if the money belonged to T. M. Fullerton and was invested without authority from him, a resulting trust arises, and plaintiffs are entitled to recover. In either event the land would belong to the heirs of T. M. Fullerton, deceased.

The judgment is hereby reversed and the cause remanded with directions to adjudge title in the heirs of T. M. Fullerton, deceased, and, as the building cannot be divided in kind, that the property be ordered sold and the proceeds divided. All concur.