255 S.W.2d 778 (1953)
RIGG et al.
v.
HART.
No. 42543.
Supreme Court of Missouri, Division No. 2.
March 9, 1953.
Wm. H. Wessel, Hermann, Joseph T. Tate, Owensville, for appellants.
S. S. Nowlin, Montgomery City, Lauf & Bond, H. P. Lauf and John O. Bond, Jefferson City, for respondent.
*779 WESTHUES, Commissioner.
This case comes to the writer on reassignment.
Plaintiffs filed this suit to set aside a deed executed by Henry Rohning, who died on April 3, 1949, whereby a farm located in Montgomery County, Missouri, was conveyed to the defendant, Clyde Hart. The deed was dated February 28, 1949. Plaintiffs contended the defendant obtained the deed through undue influence. The trial court after hearing plaintiffs' evidence dismissed the petition. From the judgment entered, plaintiffs appealed.
Defendant filed a motion to dismiss the appeal on the ground that plaintiffs' statement in their brief failed to comply with Rule 1.08 of this court in that in the statement plaintiffs omitted all evidence favorable to the defendant and included therein only the evidence favorable to the plaintiffs.
We have examined the statement and have read the evidence produced at the trial. We find that plaintiffs' brief does not contain a fair and concise statement of the facts. Not only was the evidence favorable to the defendant omitted but the statement of the evidence in plaintiffs' favor was presented as more favorable to plaintiffs than the record justified. We should dismiss the appeal. We refrain from doing so because we see from plaintiffs' brief that their attorneys are under the impression that when a defendant in an equity case files a motion to dismiss at the close of plaintiff's case and the motion is sustained, on appeal the evidence must be considered in its most favorable light to plaintiff. Such is not the rule in equity cases. Plaintiffs here cite Hawk v. Chicago, B. & Q. Ry. Co., 130 Mo.App. 658, 108 S.W. 1119, and Stephens v. Kansas City Gas Co., 354 Mo. 835, 191 S.W.2d 601. Those were personal injury cases tried before a jury. The rule applied was that in determining whether a demurrer to the evidence should be sustained the reviewing court will view the evidence in the aspect most favorable to plaintiff. The distinction is that in the personal injury cases, a jury is the trier of the facts, while in an equity case, the court performs that function.
A motion to dismiss filed by a defendant in an equity case at the close of plaintiff's evidence, under our practice before the adoption of the new code, meant a submission of the case to the court. Shepard v. Shepard, 353 Mo. 1057, 186 S.W.2d 472; Sloan v. Dunlap, 354 Mo. 1211, 194 S.W.2d 32. Section 510.140 RS Mo 1949, V.A.M.S., authorizes such motions in nonjury cases. Merit Specialties Co. v. Gilbert Brass Foundry Co., 362 Mo. 325, 241 S.W.2d 718(1); Munday v. Austin, 358 Mo. 959, 218 S.W.2d 624, loc. cit. 631. However, if such motion is filed in an equity case, a trial court has the right to weigh the evidence and decide the case against plaintiff and on appeal the case is reviewed de novo. We therefore overrule the motion to dismiss the appeal and consider the case on its merits.
The evidence shows that Henry Rohning was about 76 years old when he signed the deed in question on February 28, 1949. Rohning had never married and the record fails to disclose the names of any heirs. We learn from the record that he was fairly successful at farming and owned at least two farms although the extent of the property owned by him was not definitely shown. The defendant was a renter of Rohning and was living on property owned by Rohning when the deed was made. The record discloses that Rohning had worked hard and continued to do so until the fall of 1948 at which time he consulted a doctor. He was under a doctor's care until he died of cancer on April 3, 1949. Beginning about February, 1949, Rohning was confined to his bed; the defendant often waited upon Rohning and on occasions drove a car for Rohning when he wished to go various places on business. Dr. J. B. Ryan who was one of the doctors who treated Rohning testified that Rohning was very sick in February and became gradually worse until his death. When asked about his mental condition, Dr. Ryan stated that Rohning's mental processes were slowed down by his illness. The doctor's testimony was that he *780 could always carry on a conversation with Rohning and aside from being weak due to his illness, he was about the same as usual.
In the statement of facts made by plaintiffs' counsel it is stated, "The evidence further showed that at times the deceased was mentally and physically unable to transact business." Page 26 of the transcript was cited as authority for that statement. Turning to that page, what do we find? Beginning at page 25 and continuing on page 26 of the record, we find the following from the witness Cleve Bess:
"Q. From your knowledge and association with Mr. Rohning over a period of around 20 years, and from your observation during the times you visited him in his last illness around February and March, 1949, would you give us your opinion as to whether or not he was a man that was physically and mentally able to transact business ? A. At times he was and at times he wasn't.
"Q. Off and on? A. When he was sick I have seen him when he couldn't have.
"Q. The time he went to the Hospital, would you say he was in condition to transact business at that time? A. The day he went to the Hospital?
"Q. Yes, sir. A. I don't know whether he would be or not.
"Q. Just give us your opinion? A. I don't think he would that day.
"Q. Do you think he was a week or ten days before that date? A. There might have been some days he would have been and some days he wouldn't have been."
The above quotation is a fair example of the evidence as given by plaintiffs' witnesses. We call attention to the fact that the deed in question was made before Rohning was taken to the hospital, therefore, evidence that he could not transact business at that time was of little value. We find evidence that Rohning was until the time of his last illness a strong, healthy man, a good neighbor, and a good business man; that due to his illness he became weak and his mental processes became somewhat impaired. There is no evidence that on the day the deed was executed he did not know what he was doing. The evidence as to undue influence is meager and weak. It was admitted that defendant waited upon Rohning a great deal while he was ill; that he performed some work for the deceased. Rohning had no direct descendants. Perhaps he deeded the farm to the defendant in appreciation for the kindness shown him. The evidence is such that we are not justified in finding that the trial court should have annulled the deed. Holland v. Anderson, Mo.Sup., 196 S.W.2d 175, loc. cit. 191(2); Fessler v. Fessler, 332 Mo. 655, 60 S.W.2d 17, loc. cit. 23(7, 8).
Defendant in his brief says that the plaintiffs in this case failed to prove that they have any interest in this case. Plaintiffs in their petition stated that they were the next of kin of the deceased Rohning and legatees in his will. The answer of the defendant did not admit the allegations. If plaintiffs were the next of kin and legatees, they should have so shown by evidence. However, we are not deciding the case on that point.
We rule that on the merits we are not justified in reversing the judgment of the trial court. The judgment is affirmed.
BOHLING and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court.
All concur.