John CROCKER, Respondent,

v.

C. H. TRIPP, Appellant.

Ruth CROCKER, Appellant,

v.

C. H. TRIPP, Respondent.

No. 23177.

Kansas City Court of Appeals.

Missouri.

March 6, 1961.

L. A. Warden, Trenton, for appellant.

Herbert S. Brown, Trenton, for respondent John Crocker and appellant Ruth Crocker.

MAUGHMER, Commissioner.

John Crocker and Ruth Crocker, husband and wife, separately sued C. H. Tripp for

wages. Tripp's answer included a denial of each alleged indebtedness, an assertion that his association with Crocker was a partnership arrangement rather than an employer-employee relationship, a prayer for an accounting and a counterclaim based upon a promissory note in his favor executed by John Crocker. Although the record is barren of any specific agreement to consolidate, the two cases were consolidated, were tried together as one case and are merged on appeal.

John Crocker is defendant's nephew. During the year 1953, he operated defendant's farm on a fifty-fifty share basis. Mr. Tripp was owner of a "vault business" located in Trenton, Missouri. Its commercial activity consisted of the construction, selling, installation and servicing of a particular type of vault on which Mr. Tripp held a patent. About November 1, 1953, Mr. and Mrs. Crocker moved to Trenton and Mr. Crocker assumed the direction and management of this business. In connection with this work, the Crockers set up and operated an upholstering business on the same premises, which premises were owned by Tripp. These commercial ventures were continued in this way until June 1, 1957, a period of 184 weeks. Crocker said he was hired as manager at a salary of $50 per week, none of which was paid and he sued for $9,200. Mrs. Crocker claimed she "kept books"; that she was promised wages of $25 monthly and she sued for $1,065. Mr. Tripp pleaded and testified that he never employed either plaintiff on a salary basis and never promised to pay wages to either of them. It was his version that Mr. Crocker agreed to operate the business and share in the profits, but that there were no profits except such as were appropriated by Crocker. He also counterclaimed for the amount due on the promissory note executed in his favor by Crocker and on which there was an unpaid balance. He denied having made any agreement of any kind for Mrs. Crocker's services and asserted that any work she did was merely to help her husband.

The principals and some other witnesses testified. Thirty exhibits, mostly cancelled checks, were received in evidence. The verdict was in favor of John Crocker and against Tripp for $4,600, and for Tripp on his counterclaim based on the promissory note in the sum of $953.36, with interest from its due date at 6 percent, and for the defendant and against the plaintiff Ruth Crocker. Judgment in accordance with the verdict was entered. The court gave effect to the counterclaim finding, as a set-off, computed the accrued interest at $338.64, and entered judgment for John Crocker against defendant in the net amount of $3,308. Neither party offers any complaint as to the mathematical computations. Judgment was entered for defendant and against Ruth Crocker on her petition. Defendant Tripp appealed from the judgment entered against him. Ruth Crocker appealed from the judgment against her and John Crocker appealed from the judgment against him on defendant's counterclaim.

■ Defendant's first assignment of error is that "The verdict and judgment are contrary to the law and evidence". We have decided to treat this assignment as questioning the sufficiency of the evidence. The other eight points listed are abstract statements of law and conclusions. We list them briefly: "The note sued on was a negotiable instrument", Crocker "had the duty of accounting", "false testimony was injected", "it was the duty of the trial court to restrain counsel", "evidence must not be broader than the pleadings", and "under the new code no unfavorable inference is to be drawn from comment of counsel regarding nonproduction of witnesses". These statements, even though denominated assignments of error, present nothing for review.

■■ Only one brief was filed for both Mr. and Mrs. Crocker. Except for complaint as to Instruction A, the Crocker brief is a reply to the charges or points made by opposing counsel in his brief. Instruction A, it is charged, placed an undue

burden on the plaintiff Ruth Crocker. This instruction presented defendant's theory that the Tripp vault business was turned over to Mr. Crocker as manager and partner, and that neither Mr. nor Mrs. Crocker were his employees. The instruction is not as clearly drawn as it might have been, but when considered in connection with Instruction 2, which submitted Ruth Crocker's theory that she was employed by Tripp as bookkeeper, is neither so vague, misleading nor inconsistent as to amount to reversible error. "All of the instructions given in a case should be read together and as parts of a single charge in order to determine the correctness of the charge or the effect of any deficiency in a particular instruction". Johnson v. Flex-O-Lite Mfg. Corp., Mo., 314 S.W.2d 75, 81.

The record filed herein extends to 493 pages. In addition to the parties themselves, seven witnesses testified. We do not deem it necessary to review the evidence in any detail. We have read the testimony. We find and declare there was sufficient, substantial, admissible testimony received which, if believed, authorized the three conclusions reached by the jury, namely for John Crocker on his petition, for Tripp on the promissory note counterclaim, and against Ruth Crocker on her petition. The testimony of the principals alone would justify the verdict from the evidentiary standpoint. These findings were each approved by the trial judge and since they were supported by substantial, credible and admissible evidence, may not be disturbed on appeal. Stated conversely, the rule is that an appellate court is bound by the jury's decision on fact questions, as to which, evidence in the court below was conflicting. E. F. Drew & Co. v. Brooks Supply Co., Mo.App., 243 S.W.2d 621, 623, Atkinson v. Coca-Cola Bottling Co., Mo. App., 275 S.W.2d 41, 45.

No other assignments having been properly preserved and presented on appeal, the judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court. All concur.