**LOCAL 88 MEAT AND RELATED INDUSTRIES HEALTH AND WELFARE FUND TRUST, a Non-Profit Corporation, (Plaintiff) Respondent,**

v.

**Marie WATKINS, Executrix of the Estate of Oliver Watkins, Deceased, and Marie Watkins, (Defendants) Appellants.**

No. 30918.

St. Louis Court of Appeals.

Missouri.

May 15, 1962.

As Modified May 21, 1962.

Robert A. Cedarburg, St. Louis, for appellants.

David G. Dempsey and Richard B. Dempsey, Clayton, for respondent.

J. MORGAN DONELSON, Special Commissioner.

This is an action for money had and received in the sum of $8,000.00 (plus interest) which represented the down payment made to defendants by plaintiff for the purchase of certain real estate. The real estate transaction was never completed or closed. Defendants filed a general denial to plaintiff's petition. The cause was tried before a jury with a verdict and judgment rendered for plaintiff in the sum of $8,000.00 plus interest at 6% per annum from July 1, 1957, together with costs. Following an unavailing motion for new trial, defendants appealed.

Plaintiff filed its motion to dismiss the appeal on the grounds that defendants' brief fails to comply with the provisions of Supreme Court Rule 83.05, V.A.M.R. The motion specifies (1) Appellants' brief totally fails to set out what rulings or actions of the trial court were allegedly erroneous, (2) the points of appellants' brief are nothing more than mere abstract statements of law which are not related to the facts and issues of this appeal, and (3) by reason thereof respondent is unable to respond properly to the arguments raised in appellants' brief.

The motion to dismiss the appeal was filed prior to the argument and submission of

the case, but the court ordered the motion submitted with the case. Defendants and plaintiff were permitted to argue the appeal before the court.

Although plaintiff's motion to dismiss for failure to comply with the rules was filed January 26, 1962, and although it stated the defects in defendants' brief, no request for a continuance or for authority to file an amended brief was made.

We find plaintiff's motion is meritorious and should be sustained. Defendants' brief sets forth and assigns five (5) points under "Points and Authorities," which are mere abstract statements of established principles of law with citation of cases. None of the points state how or why they apply in this case, or in what way, if any, the trial court should be convicted of error. Representative statements are as follows: "Instructions given must be within the evidence," and "Failure to fully perform promises personal to an individual contained in a contract for the sale of realty is not a breach of contract." These are not in compliance with Rule 83.05(e) and also preserve nothing for review. Walker v. Thompson, Mo. Sup., 338 S.W.2d 114; Crocker v. Tripp, Mo.App., 344 S.W.2d 149. There is nothing in defendants' brief which indicates a misinterpretation or misunderstanding of the rules governing appellate practice, but it appears that the rules are simply ignored. Rigg v. Hart, Mo.Sup., 255 S.W.2d 778.

Rule of Civil Procedure, 83.05(e) is as follows:

> "Points Relied On. The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

It would seem that the rule, if read, is clear and leaves nothing to surmise or speculation. This court further notes, although not specifically raised in plaintiff's motion to dismiss, that Rule 83.05(a) is further violated in that statements in the argument as to what the record contains are not designated by page of the transcript where the statement may be found or verified; also, that no instruction complained of, or portion thereof is set forth in the argument portion or elsewhere of the brief as required by this rule.

We are well aware that our primary duty is to litigants rather than counsel who represent them as asserted by Judge Hyde in Ambrose v. M.F.A. Co-Operative Association of St. Elizabeth, Mo.Sup., 266 S.W.2d 647, 650.

Therefore, in order to determine whether the interests of justice requires us to decide the cause on its merits in spite of the defects in the brief as set forth above, we did carefully read the briefs, the transcript, and have made additional research required to decide the case. Rule 83.09; Ambrose v. M.F.A. Co-Operative Association of St. Elizabeth, supra. We are satisfied from the facts shown and the record that the interests of justice do not require a different disposition of the case from that found and determined by the jury and the trial court. The Special Commissioner, therefore, recommends that the motion to dismiss the appeal be sustained and the appeal be dismissed.

PER CURIAM.

The foregoing opinion by DONELSON, Special Commissioner, is adopted as the opinion of the Court.

The motion to dismiss the appeal is, accordingly, sustained and the appeal is dismissed.

ANDERSON, P. J., WOLFE, J., and ELGIN T. FULLER, Special Judge, concur.