Lolita WYROZYNSKI,
Plaintiff–Appellant,

v.

Elmer K. NICHOLS,
Defendant–Respondent.

No. 53026.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 31, 1988.

Jerome J. Dobson, St. Louis, for plaintiff-appellant.

Irvin L. Ruzicka, St. Louis, for defendant-respondent.

SATZ, Presiding Judge.

In this action, plaintiff seeks the imposition of a constructive trust and, alternatively, seeks damages. The trial court entered judgment in favor of defendant. Plaintiff appeals. We reverse and remand with directions to the trial court.

Plaintiff, Lolita Wyrozynski, is the sister of defendant, Elmer Nichols. Their widowed mother, during her lifetime, opened a checking account, several savings accounts and purchased several certificates of deposit. She made herself, plaintiff and defendant joint tenants with the right of survivorship in these accounts and certificates of deposit. Plaintiff, in her petition, alleges that defendant wrongfully appropriated her rightful interest in these accounts and certificates of deposit. More specifically, in three separate counts, plaintiff seeks the imposition of a constructive trust based upon defendant's conduct which plaintiff perceives to be three distinct and separate wrongs, and, in her fourth count, plaintiff seeks damages based upon defendant's conduct which plaintiff perceives to be conversion.

Plaintiff's proof was based upon stipulated facts, certain of plaintiff's exhibits admitted by agreement, other exhibits admitted subject to defendant's objections and the testimony of plaintiff herself. At the close of plaintiff's case, defendant "move[d] for dismissal of all four counts on the ground that there has not been established many of the material elements that

have to be established in this case." After oral argument on this motion, the court asked defense counsel:

"[Would you] like to have me take your motion with [the case and would] you want to present evidence or [would you] want to rest on your motion. You may do as you see fit."

Defense counsel responded:

"I will rest on my motion."

The court took the case under submission and, subsequently, entered an order which states, in its pertinent part:

"Plaintiff rest[ed]. Defendant [made] his motion for directed verdict. The Court ... finds the issues in favor of the defendant ... and against the plaintiff.... It is therefore the Order, Judgment, and Decree of the Court that defendant's Motion for Directed Verdict is sustained."

From this record, it is not clear whether the trial court's ruling in favor of defendant was based upon the merits—with the court determining credibility and weighing the evidence—or based upon the submissibility of plaintiff's case—with the trial court viewing the evidence and inferences most favorable to the plaintiff. Plaintiff, in her initial brief on appeal, assumed the trial court addressed only the submissibility of plaintiff's case and, thus, directed her arguments only to the issue of submissibility. Defendant, in his answering brief, assumed the trial court ruled on the merits and, thus, directed his argument to the weight of the evidence. Apparently, plaintiff was convinced by defendant's brief, and, in her reply brief, plaintiff argued that she still should have prevailed even if the trial court ruled on the merits.

The parties' confusion, either caused by or reflected in the court's order, is understandable. Moreover, the court's apparent ruling on the issue of submissibility rather than on the merits in the face of appellate decisions to the contrary is also understandable. Quite simply, our cases are in conflict on the issue of whether the trial court must rule on the merits or on submissibility when a defendant files a motion for directed verdict at the close of plaintiff's case in a court tried action.

This conflict is historically rooted in the courts' treatment of a demurrer to the evidence filed by a defendant at the close of plaintiff's case in a court tried equity action. In an equity action, a demurrer to the evidence at the close of plaintiff's evidence was said to be an anomaly. *See, e.g. Troll v. Spencer,* 141 S.W. 855, 857 (Mo. 1911). The demurrer to the evidence was "akin" to a peremptory instruction. *Id.* at 858. However, in an equity case, the judge acts as the finder of fact, and for him "to give instructions is but for him to give advice to himself." *Id.* at 858. Moreover, in equity, an appeal was reviewed *de novo;* therefore, it was immaterial what instruction the judge gave to himself. On appeal, the instruction as well as the rationale would be merged into the judgment, and the appellate court reviewed the record *de novo,* with the "bounden duty ... to see whether [the trial court] did equity." *Id.* at 858. The defendant's demurrer to the evidence was held to be a submission to the court for a decision on the merits. *Id.* at 859; *e.g. Fullerton v. Fullerton,* 345 Mo. 216, 132 S.W.2d 966, 968 (Mo.1939). *Hoynes v. Hoynes,* 218 S.W.2d 823, 827–829 (Mo.App.1949).

This reasoning and result was not changed by the abolition of the distinction between actions in equity and actions at law and the creation of only one form of action—a civil action, Mo.Civil Code, § 4, Laws 1943; nor was it affected by the abolition of the demurrer to the evidence and requests for peremptory instructions. Mo.Civil Code § 112, Laws 1943.[1] The re-

1. In lieu of the demurrer and the request for peremptory instruction, § 112 provided for a motion for a directed verdict at the close of the opponent's case. These provisions are now found in § 510.280 RSMo.1986 and also in Rule 72.01(a).

§ 100 of the Civil Code provided for a motion for dismissal at the close of plaintiff's case "on the ground that upon the facts and the law plaintiff has shown no right to relief." This provision is now found in § 510.140 RSMo.1986 and also in Rule 67.02.

view on appeal was still *de novo.* Thus, in 1953, our Supreme Court said:

> A motion to dismiss filed by a defendant in an equity case at the close of plaintiff's evidence, under our practice before the new code, meant a submission of the case to the court.... Section 510.140 RSMo.1949, ... [now], authorizes such motions in nonjury cases.... However, if such motion is filed in an equity case, a trial court has the right to weigh the evidence and decide the case against plaintiff and on appeal the case is reviewed de novo. *Rigg v. Hart,* 255 S.W. 2d 778, 779 (Mo.1953).

However, the *de novo* review on appeal was changed, if not abolished, by our Supreme Court in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc. 1976). This change or abolition of the *de novo* review on appeal, in turn, may have abolished the reason for treating the defendant's motion to dismiss or motion for directed verdict, filed at the close of plaintiff's case in a court tried action, as a submission on the merits.[2] If it did, there is an equally if not more compelling reason for still treating the motion in the same manner: common sense.

■ Our Civil Code and the Rules implementing it were designed to expedite the trial of cases. Certainly, it is within this purpose for the trial courts to have the power to dispose of a case at the first opportunity.

> When a court sitting without a jury has heard all of the plaintiff's evidence, it is appropriate that the court shall then determine whether or not the plaintiff has convincingly shown a right to relief. It is not reasonable to require a judge, on motion to dismiss ... to determine merely whether there is a *prima facie* case,
>
> such as in a jury trial should go to the jury, when there is no jury—to determine merely whether there is a *prima facie* case sufficient for the consideration of a trier of the facts *when he is himself the trier of facts.* To apply the jury trial practice in non-jury proceedings would be to erect a requirement compelling a defendant to put on his case and the court to spend the time and incur the public expense of hearing it if the plaintiff had, according to jury trial concepts made "a case for the jury," even though the judge had concluded that on the whole of the plaintiff's evidence the plaintiff ought not to prevail. A plaintiff who has had full opportunity to put on his own case and has failed to convince the judge, as trier of the facts, of a right to relief, has no legal right under the due process clause of the Constitution, to hear the defendant's case, or to compel the court to hear it, merely because the plaintiff's case is prima facie one in the jury trial sense of the term. (emphasis theirs) *United States v. Gypsum Co.,* 67 F.Supp. 397, 418 (D.C.Dist.Ct.1946).

■ This was the reasoning used by the federal courts, and, in 1946, this reasoning was reflected in the Federal Rules. Rule 41(b), F.R.C.P.; 6 Moore's Fed. Practice § 41.13 (2 Ed. 1987). We are not compelled to follow federal precedent, but we choose to follow this persuasive reasoning. It makes no sense to limit the court, in a court tried case, solely to the issue of submissibility in ruling on a motion to dismiss or for directed verdict filed at the close of the plaintiff's evidence. To so limit the court might lead to the ludicrous result of the court denying the motion, and then immediately thereafter, upon the refusal of

---

The motion filed by a defendant at the close of plaintiff's evidence in a court tried case should be filed under Rule 67.02. Its proper designation is: a motion to dismiss. *See, e.g. Merit Specialties Co. v. Gilbert Brass Foundry Co.,* 362 Mo. 325, 241 S.W.2d 718 (Mo.1951).

The motion filed by a defendant in a jury tried case should be filed under Rule 72.01. Its proper designation is: a motion for directed verdict. *Id.*

2. *Murphy v. Carron* may have destroyed the reason for treating a motion for directed verdict in an equitable action as a submission on the merits. It did not change, however, the legal effect of such motions. Thus, even after *Murphy v. Carron,* our courts repeatedly stated that such a motion "constitutes a submission of the case by defendant as it stands when the motion is offered." *Fix v. Fix Material Co., Inc.,* 538 S.W.2d 351, 354 (Mo.App.1976); *e.g. Cave v. Cave,* 593 S.W.2d 592, 595 (Mo.App.1979).

defendant to put on any evidence, deciding the case in defendant's favor.

Moreover, we see no reason for processing an action at law in a court tried case any differently. Admittedly, without noting that the action before it was an action at law, this Court has said:

> We will treat a motion for a directed verdict at the close of plaintiff's evidence in court tried case as a motion to dismiss for failure to make a submissible case.... *Hercules Const. Co. v. C. J. Moritz Co.*, 655 S.W.2d 779, 785 (Mo.App.1983).

This principle was restated and followed by our colleagues in the Western District. *Means v. Clardy*, 735 S.W.2d 6, 11 (Mo. App.1987).[3]

The principle, however, has no basis in logic or law. The complete statement in *Hercules* was:

> We will treat a motion for a directed verdict at the close of plaintiff's evidence in a court tried case as a motion to dismiss for failure to make a submissible case or a motion for judgment. *Moser v. Williams*, 443 S.W.2d 212, 215 (Mo.App. 1969). Since this was a court tried case, our review from such decision is encompassed by the principle of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) and we should affirm the decree of the trial court unless it erroneously applies the law.

> A directed verdict at the close of plaintiff's case is a drastic measure and should be done (sic) only when all of the evidence and reasonable inferences to be drawn therefrom are so strongly against plaintiff that there is no room for reasonable minds to differ. *Hercules*, 655 S.W. 2d at 785.

■ We need not address here whether "a motion to dismiss for failure to make a submissible case" and "a motion for judgment" are congruent and interchangeable motions, either in the abstract or in the context of the facts in *Hercules*. What is obvious is that the standard of review established in *Murphy v. Carron* was established for a court tried case submitted to the trial court on the merits. This review is totally different than the scope of appellate review of a trial court's ruling on submissibility. Moreover, contrary to the implication in *Hercules*, the case of *Moser v. Williams* does not hold or teach that a motion for directed verdict filed at the close of plaintiff's evidence in a court tried case should be "treated" as "a motion to dismiss for failure to make a submissible case." *Moser* teaches the exact contrary.

In *Moser*, a court tried equity case, the plaintiff made an oral motion for a directed verdict at the close of defendant's case. The motion was granted. On appeal, our Court said:

> Actually, plaintiff's motion was not one for a directed verdict, but rather, under the circumstances here existing, it was in the nature of a motion to dismiss or a motion for judgment.

Our Court went on to say the motion should have been treated as a submission of the case on the merits. However, from the record it appeared the trial court did weigh the evidence. *Id.* at 215. Therefore, our Court said: "the question as to whether the [trial] court erred in adding that the motion for directed verdict was sustained is academic," *Id.* and, the Court proceeded to review the case *de novo*, as it was permitted to do under the appellate rules at that time. Rather than treating the defendant's motion for a directed verdict as a test of submissibility, the Court characterized it as a submission on the merits. Thus, *Hercules* and *Means v. Clardy* are unconvincing.

■ We see no reason to treat a motion to dismiss or a motion for a directed verdict filed at the close of a plaintiff's case in a court tried action at law any differently than the treatment accorded the same motions filed in an action in equity. We now have only one form of action—a civil action, and our scope of review in all court tried cases is the same. Rule 73.01. Moreover, in a court tried case, we think the more sensible practice is for the trial court

---

**3.** A directed verdict at the close of plaintiff's evidence in a court tried case is treated as a motion to dismiss for failure to make a submissible case. *Id.*

to treat a motion for directed verdict or for dismissal as a submission on the merits, requiring the court to determine credibility of the witnesses and to weigh the evidence.

To the extent *Hercules* and *Means v. Clardy* hold or teach differently, we will no longer follow them. More important, here, because the trial court may have relied on these two cases and reached its decision by limiting its consideration to the submissibility of plaintiff's case, we reverse and remand this cause.

We direct the trial court to reconsider the record, determine the credibility of plaintiff's witness, weigh the evidence and make appropriate findings of fact and conclusions of law in support of the judgment it reaches.

CARL R. GAERTNER and SIMEONE, JJ., concur.