**THE PASTA HOUSE COMPANY,**
**Plaintiff/Appellant,**

v.

**Leonard F. WILLIAMS, Jr., d/b/a**
**Construction Consultants,**
**Defendant/Respondent,**

**and**

**Larry L. Bollinger, d/b/a Bollinger Surveying Co., Defendant/Respondent.**

**No. 60338.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 30, 1992.

James J. Sauter, St. Louis, for plaintiff/appellant.

Timothy Belz, Jack E. Koslow, St. Louis, for defendant/respondent.

AHRENS, Judge.

In this bench-tried breach of contract and negligence action, The Pasta House Company, appellant, appeals from the trial court's judgment dismissing appellant's cause of action against respondents, Leonard F. Williams, d/b/a Construction Consultants, and Larry L. Bollinger, d/b/a Bollinger Surveying Company. We affirm.

In April, 1987, appellant hired Williams to perform engineering and survey services for the construction of a restaurant on Lindbergh Boulevard. Williams subcontracted with Bollinger to perform some of the surveying work.

On July 27, 1987, an amendment to the Declaration of Restrictions on appellant's property was filed with the St. Louis County Recorder of Deeds. That amendment reflected a reduction from 137 feet to 105 feet as the distance between Lindbergh Boulevard and the building restriction line on the southern border of the property. On August 13, 1987, Bollinger staked the layout of the restaurant on the property.

After the foundation was laid, the building shell was constructed, and the structural roof was in place, an outbound survey revealed that a portion of the entry and the southern corner of the restaurant extended over the 105 feet building restriction line. When efforts to move the building restriction line closer to Lindbergh Boulevard failed, appellants removed the encroaching portions of the building. Appellants filed this action for breach of contract and negligence seeking damages incurred in removing those portions of the building and for damages arising from the reduction in the restaurant's seating capacity. At the close of appellant's case, the trial court granted respondents' motions to dismiss both counts.

█ In its first point, appellant asserts the trial court erred in sustaining respondents' motions to dismiss count I, because appellant made a submissible case on breach of contract. Appellant argues that in reviewing the trial court's ruling, we are to consider only that evidence which is most favorable to appellant.

Initially, we note that in a bench-tried case a motion to dismiss filed at the close of a plaintiff's case is treated "as a submission on the merits, requiring the court to determine credibility of the witnesses and to weigh the evidence." *Wyrozynski v. Nichols,* 752 S.W.2d 433, 436–37 (Mo.App. 1988). Accordingly, "we view the evidence in the light most favorable to the judgment." *State ex rel. Webster v. Eisenbeis,* 775 S.W.2d 276, 277 (Mo.App.1989). We will sustain the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Appellant argues Williams breached its contractual obligation "to stake out the building correctly," and Bollinger failed "to deliver to [appellant] a correct building stake out." Appellant asserts Williams and Bollinger "would not have breached a duty to [appellant] if they staked the building exactly where [appellant] clearly stated the building was to be staked, regardless of the amended recorded building setback line. . . ."

Joseph Fresta, vice-president and co-owner of The Pasta House Company, testified that when he discussed the project with Williams, Williams was given a plat on which an architect had drawn the outline of the restaurant building. That was the only site plan Fresta provided to Williams. When Williams asked Fresta about the building restriction line, Fresta told him they had to be behind that line, but that the "line was going to be moved forward so we can get the building closer to the street." Fresta testified that he directed Williams to proceed with the engineering work in accordance with the location of the restaurant building on the plat. In response to Williams' request for the "building mark," Fresta replied, "don't worry about it. We're going to have it moved closer to Lindbergh." Fresta did not supply respondents with information that the building restriction line had been moved.

The trial court concluded there was no breach of contract in the staking of the

property. Rather, the trial court found "the plaintiff's testimony in this case was that defendant Williams and through him defendant Bollinger was told not to worry about the setback lines because the plaintiff was going to get the setback lines changed...." The trial court concluded respondents completed the work "in accordance with the contract" and in accordance with appellant's request. In light of Fresta's testimony, the trial court did not err in granting respondents' motions with respect to the breach of contract action. Point one is denied.

■ In its second point, appellant alleges the trial court erred in granting respondents' motions to dismiss count II. In count II of its petition, appellant alleged respondents were negligent in that they "failed to exercise the same degree of care and accuracy of a reasonably competent engineer/surveyor dealing with the same or similar facts and circumstances in the same or similar locale...." The trial court stated that in its opinion, expert testimony was required to set the alleged standard. Appellant presented no such testimony; accordingly, the trial court determined appellant's cause of action failed.

Appellant asserts the trial court's ruling on the motions was erroneous because, "no expert testimony was necessary in the face of the obvious and clear submissable [sic] case on breach of professional duty." Our review is governed by the standards set forth in our discussion of point one. *See Eisenbeis*, 775 S.W.2d at 277; *Murphy* 536 S.W.2d at 32.

The cases appellant cites in support of its contention that no expert testimony was needed are not on point. From the trial court's statement and ruling, it is apparent that upon weighing the evidence, the trial court found it insufficient to support a verdict in appellant's favor. Appellant presented no evidence to define the "degree of care and accuracy of a reasonably competent engineer/surveyor dealing with the same or similar facts and circumstances in the same or similar locale."

In its brief, appellant argues that respondents could have ascertained the amended building restriction line by searching the St. Louis County Recorder of Deeds' records or by contacting appellant. Appellant contends "good procedure" would have dictated that respondents determine that the change was recorded. However, it would be mere speculation to determine what constitutes "good procedure" under the standard of care appellant seeks to apply, without some evidence of the customary practices and procedures of other engineers and surveyors in the community.

Appellant argues that respondents violated the provisions of state statutes and regulations, and that such violations constitute negligence per se. To the extent this theory was timely raised in the trial court, appellant misplaces reliance on § 327.272 RSMo 1986, and 10 C.S.R. 30–2.010(2), as establishing standards of care.

Section 327.272 merely defines the term "land surveyor." That statute establishes no standard of care for such persons. Further, 10 C.S.R. 30–2.010, which sets forth "Minimum Standards for Property Boundary Surveys," does not set forth a standard of care applicable to the issue raised in this case. Appellant relies on the language in subsection 2 that in conducting property boundary surveys: "1. The surveyor should obtain from the client, or other appropriate sources, the recorded description of the parcel to be surveyed. 2. Prior to making a survey the surveyor, as necessary shall, acquire other data, such as adjoining deeds, maps, certificates of title, subdivision plats and original plats and notes." 10 C.S.R. 30–2.010. Fresta testified appellant made no claim that the building was staked improperly with respect to the outer boundaries of the property. Rather, appellant's claim related to the staking of the building with respect to the building restriction line; performance of that task does not appear to come within the purview of 10 C.S.R. 30–2.010(2).

Because appellant failed to present sufficient evidence to support a judgment in its favor, the trial court did not err in granting respondents' motions with respect to count

II. Appellant's second point is denied. The trial court's judgment is affirmed.

SMITH, P.J., and KAROHL, J., concur.