**STIVERS LINCOLN–MERCURY, INC., Appellant,**

v.

**James ABBOTT & Carol Lewis, Respondents.**

**No. 57241.**

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 16, 1990.

Daniel T. Glowski, St. Louis, for appellant.

E. Darrell Davis, Jr., St. Charles, for respondents.

CARL R. GAERTNER, Judge.

Plaintiff, Stivers Lincoln–Mercury, Inc., filed this action against defendants James Abbott and Carol Lewis (f/k/a Carol Abbott), seeking to recover for the breach of an automobile lease. The case was tried by the court without a jury. A written lease of a 1986 Audi automobile providing for 48 monthly payments of $515.00 was identified without objection. The lease was executed by each defendant and by D.L. Waller on behalf of Stivers Leasing, Inc. It was received without objection. Exhibits establishing the corporate good standing of Stivers Lincoln–Mercury, Inc., and the dissolution of Stivers Leasing, Inc., were re-

ceived in evidence. However, the court sustained defendants' objection to the introduction of minutes of meetings of the shareholders and directors of Stivers Lincoln–Mercury, Inc., on the grounds the documents had not been qualified pursuant to the Uniform Business Records As Evidence Act, § 490.680 RSMo. 1986. The court also refused to permit plaintiff's witness to refresh his recollection by referring to a document containing a record of lease payments made by defendants.

■ At 4:47 p.m. on the day of trial counsel for plaintiff told the court he could produce other witnesses to qualify the records the court had rejected. But the trial judge, stating that he could not stay beyond 5:00 p.m., refused to continue the hearing. He also denied a motion for a voluntary dismissal without prejudice. The court then sustained defendants' oral motion for a directed verdict.[1]

Because of the trial court's exclusion of tendered evidence, plaintiff was unable to prove the amount of the unpaid balance under the lease and its assumption of the assets and liabilities of Stivers Leasing, Inc., its wholly owned subsidiary corporation. Examination of the record reveals the trial court erred in rejecting the tendered evidence on each of these issues.

■ Donald W. Waller, the manager of plaintiff's leasing department, identified plaintiff's Exhibit 6 as a record of the payments made by defendants on the lease. He described the procedure regularly used in keeping the accounts of lease payments. His secretary recorded each payment in a general ledger as it was received. He was furnished with a daily account of all payments. Exhibit 6 was a record of all payments on the lease by defendants. The exhibit was prepared by the corporate treasurer from the general ledger on the day

the automobile was surrendered by the defendants. Mr. Waller had personally examined the general ledger and the summary of payments made by defendants as reflected on Exhibit 6 was accurate. He testified that although he received a daily report of all lease payments he had no present recollection of payments made by defendants without reference to Exhibit 6. The court refused all testimony of the witness based upon reference to the exhibit.

From the record it is difficult to ascertain the basis for the court's rejection of this evidence. Most of the objections were sustained without any reason for the objection being stated by defense counsel. Other objections, based on meaningless or ineffective generalities such as "lack of foundation", were also sustained. See Pazdernik v. Decker, 652 S.W.2d 319, 321 (Mo. App.1983). Perhaps the court was focusing upon the question of admissibility of Exhibit 6 under the Uniform Business Records as Evidence Act, § 490.680. Although the testimony of Mr. Waller would seem adequate to satisfy the requirements of the act, we need not decide that question with regard to Exhibit 6. The error lies in the refusal to permit Mr. Waller to refer to the Exhibit in order to refresh his recollection.

■ The rule in Missouri is that a witness may use a writing to refresh his memory if he exhibits both a lack of present memory and a need for the aid of the writing to recall. Evinger v. McDaniel Title Company, 726 S.W.2d 468, 473 (Mo. App.1987).

■ A witness is qualified to testify regarding a business record if he or she has sufficient knowledge of the business operations and methods of keeping records to give the record probity. Pazdernik, supra. Here, Mr. Waller testified that al-

---

1. In its written order the trial court properly designated its order as granting a motion to dismiss although the transcript reflects the court's oral order as granting a motion for a directed verdict. In a court tried case, the motion filed by a defendant at the close of plain- tiff's evidence should be filed pursuant to Rule 67.02 and designated a motion to dismiss. A motion for directed verdict is proper in a jury tried case pursuant to Rule 72.01. See Wyrozynski v. Nichols, 752 S.W.2d 433 (Mo.App.1988).

though each payment made by defendants was reported to him on the day it was made, he had no present memory of the number or the amounts of such payments. By referring to the exhibit, the accuracy of which he had personally verified, he could give such testimony. He testified in detail as to the manner in which the record was prepared and kept. As stated in *Wigmore on Evidence*, (Chad.Rev.) Vol. III, § 748, pg. 101:

> [T]estimonial assertion of correctness being all that is needed, it is generally immaterial whether the witness was or was not the person who actually wrote or printed the record. It may have been manually prepared by another; but from the moment when the witness saw it and passed judgment upon its correctness, it became for him a correct record.

It is obviously impossible for a businessman to recall each payment to a single account received on a monthly basis over a period of sixteen months. Exhibit 6 was a summary of such payments compiled from records kept in the ordinary course of business, the accuracy of which was attested to. It was an abuse of discretion to refuse the witness the opportunity to refer to the exhibit.

■ Similarly, it was error to exclude the evidence offered for the purpose of proving that Stivers Lincoln–Mercury, Inc., was the real party in interest. Exhibits 10 and 11 were minutes of the shareholders and directors meetings of Stivers Lincoln–Mercury, Inc., consenting to the dissolution of Stivers Leasing, Inc., its wholly owned subsidiary, and assuming all the assets and liabilities thereof. These exhibits were identified by the testimony of plaintiff's trial counsel as the original records of the corporation, prepared by a member of his law firm, the corporate attorneys for Stivers Lincoln–Mercury, Inc. These records were prepared in the ordinary course of the corporation's business contemporaneously with the events described. On cross-examination the witness admitted he had not prepared the documents, was not at the meetings described and was not a member of the firm when the documents were prepared. The court sustained defendants' "lack of foundation" objection and excluded the documents. In so ruling the court erred.

■ In *Rossomanno v. Laclede Cab Co.*, 328 S.W.2d 677 (Mo. banc 1959) the Supreme Court held a witness employed for one month was competent to qualify records made in her employers office six years earlier. "The testimony of the witness as to the 'mode of preparation' need not be based on personal knowledge." *Id.* at 683. As counsel for the plaintiff corporation and a member of the law firm which handled the corporation's legal affairs the witness was competent to identify the plaintiff's corporate legal records. Minutes of the proceedings of a corporation's shareholders and board of directors are admissible as prima facie evidence of what occurred at such meetings. *Santa Fe Hills Golf & Country Club v. Safehi Realty Co.*, 349 S.W.2d 27, 37 (Mo.1961). That the qualifying witness did not prepare the minutes and was not present at the meetings described does not justify their exclusion. It is error to exclude competent evidence of a material issue of fact. *Fidelity & Deposit Co. of Maryland v. Fleischer*, 772 S.W.2d 809, 818 (Mo.App.1989).

In view of what we have said above we need not address plaintiff's contention of error in "directing a verdict" without permitting plaintiff to offer additional evidence. But *see In the Matter of Crist*, 732 S.W.2d 587 (Mo.App.1987).

The judgment of the trial court is reversed and the cause is remanded for a new trial.

STEPHAN, J., and JOSEPH J. SIMEONE, Sr., J., concur.