**Edwin F. GANNON and Treesa Gannon, Plaintiffs–Appellants,**

v.

**Jerry NELSEN and Debra Nelsen, Defendants–Respondents.**

No. 17556.

Missouri Court of Appeals, Southern District, Division Two.

April 9, 1992.

---

Kenneth R. Ashlock, Bolivar, for plaintiffs-appellants.

Stephen R. Soutee, Marionville, for defendants-respondents.

FLANIGAN, Chief Judge.

This action arises out of a real estate transaction between Edwin F. Gannon and Treesa Gannon, plaintiffs-sellers, and Jerry Nelsen and Debra Nelsen, defendants-buyers. The trial court, sitting without a jury, sustained defendants' oral "Motion for Directed Verdict," which was made at the close of plaintiffs' evidence. The ground for the motion was "that all purchases of real estate in the state of Missouri must be evidenced by a writing and all the parties to be charged. There's no writing of any context before this court at this time, and that would be the basis of my motion for directed verdict." The trial court entered judgment for defendants. Plaintiffs appeal.

Plaintiffs contend that the trial court erred in refusing to receive into evidence Exhibits 1, 2 and 3 and in sustaining the motion which was predicated on the erroneous ruling. Exhibits 1 and 3 together constituted the contract sued on, and Exhibit 2 was an intermediate, unaccepted counterof-

fer. Defendants' objection to the three exhibits was based on the best evidence rule. It is plaintiffs' position that the exhibits were duplicate originals, otherwise properly identified, and that the objection was invalid. Exhibits 1 and 3 were attached to the petition and identified in that document as Exhibit A.

In general, the petition alleged: In September 1987, plaintiffs were the owners of certain real estate in Greene County; the parties agreed on September 16, 1987, by written contract, attached and marked as Exhibit A, that defendants would purchase the land for a price of $166,000; plaintiffs were ready, willing and able to close the transaction on the contemplated closing date; defendants refused to close and due to the fault of defendants the sale "has not culminated"; under the terms of the contract, plaintiffs were entitled to receive 15 percent of the purchase price as liquidated damages, together with a reasonable attorney fee. The demand was for $24,900 in damages and attorney's fees and costs.

Defendants' answer denied most of the allegations of the petition, stated that Exhibit A did not contain the complete agreement of the parties, alleged that plaintiffs failed to comply with certain provisions of Exhibit A and "in particular failed to provide defendants with an abstract of title or title insurance commitment showing merchantable title in plaintiffs." Additional defenses asserted were mutual mistake and fraud. The answer also alleged that the provision of Exhibit A with respect to liquidated damages was "punitive rather than compensatory, and is void and unenforceable." The answer did not plead the statute of frauds.

At the trial, plaintiffs attempted, unsuccessfully, to introduce Exhibits 1, 2 and 3.

Exhibit 1 is a two-page document entitled "Real Estate Sale Contract." It is a printed form with spaces for the insertion of terms and signatures. Exhibit 1, according to plaintiffs' evidence and the document itself, was signed by the two defendants on September 12, 1987, at 9:30 a.m. It was also signed by the listing broker, Century Realty, through its agent John Ross, and

the selling broker, Strout Realty, through its agent Laverne Grimm. It was not signed by the plaintiffs. Defendant Jerry Nelsen admitted signing Exhibit 1, and plaintiffs' evidence showed that Exhibit 1 was also signed by Mrs. Nelsen.

Exhibit 2 is a printed form entitled "Counter Offer Addendum." It was signed on September 12, 1987, at 1:30 p.m., by plaintiffs and the two brokers. It was not signed by defendants.

The instructions on Exhibit 2 read:

Persons making the counter offer do NOT sign the original contract, but only this addendum. The other party accepts the counter offer by signing this addendum. Subsequent counter offers should use a new addendum. Do NOT make any check in the ADDENDA paragraph or otherwise alter the original offer, since the absence of both signatures on the original form shows this addendum is required to complete the contract.

Exhibit 3 is the same printed form as Exhibit 2 and contains the same title and instructions. The rest of Exhibit 3 reads:

"The undersigned hereby agree that this addendum shall become a part of the attached Real Estate Sale Contract between *Jerry & Debra Nelsen* as Buyer and *Edwin & Treesa Gannon* as Seller, for Seller's property located at *Rt. 1, Fair Grove, Missouri.*

The undersigned do hereby agree to the terms of the offer on said contract form with the following modifications:

Addendum # 2—Paragraph # 4. Balance in cash to be $165,990 plus earnest money of $10.00 for a total of $166,000. Seller agrees to pay and Century Realty agrees to accept a commission in the amount of $10,000.00, which shall be divided equally between Century Realty and Strout Realty.

By their signature, Buyer and Seller acknowledge receipt of a copy of this Contract Addendum.

| Signed on 9–16, 1987 at 7:00 p.m. | Signed on 9–14, 1987 at 16:13 p.m. |
|---|---|
| /s/ Edwin F. Gannon | /s/ Jerry A. Nelsen |
| Seller | Buyer |
| /s/ Treesa J. Gannon | /s/ Debra D. Nelsen |
| Seller | Buyer |
| /s/ Century Realty | /s/ John Ross |
| Listing Broker | Agent |
| /s/ Strout Realty | /s/ Laverne Grimm |
| Selling Broker | Agent |

This contract form approved by counsel exclusively for use by members of the Greater Springfield Board of REALTORS."

Defense counsel, in his opening statement, admitted that the defendants "did execute a standard form real estate contract that was prepared by the plaintiffs' agent, Laverne Grimm." He stated, in a reference to Exhibit 1, that "paragraph 5 calls for contingencies." He referred to "certain areas of nonperformance by the plaintiffs."

In addition to their own testimony, the two plaintiffs adduced the testimony of real estate agent Laverne Grimm and defendant Nelsen. Laverne Grimm testified that Exhibit 1 was one of four duplicate originals. The first duplicate was on white paper. Exhibit 1, he said, "is the first copy, a carbon.... This is the original signature on carbon.... There are four copies and it goes through when a person signs the contract. All four copies are signed.... It's all an original."

Grimm also testified, with regard to Exhibit 3, that it was signed by the two buyers and the two sellers. He said, "This is the original signatures on carbon, the original is on white, Exhibit 3 is yellow. Strout Realty has a white copy in their files. I am no longer at Strout and don't have access to it, but this is the first copy.... This paper is carbon and there are four copies. It goes through when a person signs the contract."

Grimm also testified that Exhibit 1 was the real estate contract he prepared for the plaintiffs and the Nelsens and that, "as it was written out," it was not accepted by the plaintiffs. He said that Exhibit 2 was a counteroffer addendum and it was not accepted by the defendants. He then testified that Exhibit 3 was a counteroffer from the defendants and that it was signed by all four parties. Referring to Exhibit 3, he said, "This contains all of the terms of the contract as finally agreed to," and that "this was the last counteroffer addendum that we had."

Plaintiff Edwin Gannon identified Exhibit 1 and Exhibit 3. He then testified, "This was the total contract between us and the Nelsens and it contains all the terms that we and the Nelsens entered into." Defendant Jerry Nelsen testified that he recognized Exhibit 3 and that it was "an addendum to the original contract." Plaintiff Treesa Gannon identified Exhibits 1, 2 and 3 and also testified, with regard to the three exhibits, that "they were all the documents concerning the contract between 'ourselves and the Nelsens.'"

Exhibits 1, 2 and 3 were offered at several stages during the trial, and at no time was any of the exhibits admitted. The only objection made to any of the three exhibits was: "They are not the best evidence.... There's not a sufficient foundation to allow any documents, other than the best evidence, to be submitted.... Insufficient foundation laid to be an exception to the best evidence rule."

The court refused to admit the exhibits, apparently on the basis of the foregoing objections. Seeking to uphold the trial court's ruling, defendants, as respon-

dents here, state that the trial court "did not abuse its discretion in refusing to admit plaintiffs' Exhibits 1, 2 and 3 into evidence in that there was a lack of proper foundation authenticating the genuineness of the documents, and in that the authenticity of the genuineness of the original documents was challenged."

Plaintiffs' theory, in the trial court and here, is that the contract consisted of Exhibit 1 and Exhibit 3. Exhibit 2 has significance in that it was the first, unaccepted addendum to Exhibit 1, which explains why Exhibit 3, which was accepted, refers to itself as "Addendum 2."

The testimony of Laverne Grimm, much of which was cumulative to the testimony of the other witnesses and admissions contained in the opening statement of defense counsel, was sufficient to identify Exhibit 1 and Exhibit 3, both of which were attached to the petition as Exhibit A, as constituting the contract "finally agreed to," and signed by both plaintiffs and both defendants. Grimm testified that Exhibits 1, 2 and 3 were duplicate originals, "the first carbon copy," "it's all an original."

Authorities cited below hold that the so-called best evidence rule was inapplicable here. It is, accordingly, unnecessary to set forth the best evidence rule itself. It may be found in 28 Am.Jur.2d Evidence § 448, et seq. See also Rules 1001 to 1003, Federal Rules of Evidence.

In *Schroer v. Schroer,* 248 S.W.2d 617 (Mo.1952), the court rejected appellant's challenge to the admissibility of duplicate deposit slips. At 622 the court said:

The deposit slips introduced were duplicates such as were issued to the banks' customers. The admission of the duplicates into evidence, without a showing of the reason for the failure to produce the original slips, was not a violation of the "best evidence" rule. See generally Vol. IV, Wigmore on Evidence, 3d Ed., §§ 1232, 1233, pp. 442–445. The duplicates were not "copies" of the originals, in the sense of being only secondary evidence of the originals. A duplicate is, in legal conception, "an original

instrument repeated, a document the same as another in essential particulars, differing from a copy in being valid as an original."

Similarly, in *Dockery v. Mannisi,* 636 S.W.2d 372, 375 (Mo.App.1982), the court said:

> [W]here a carbon copy is concerned, the rule is that carbon copies have the status of duplicate originals and hence are not within the scope of the best evidence rule. A carbon copy may be introduced into evidence without explanation of the non-production of the first, or "ribbon" copy, where signed by the parties or otherwise properly identified over an objection that it is not the best evidence. *Land Clearance for Redevelopment Authority v. Zitko,* 386 S.W.2d 69, 80[21] (Mo.banc 1964).

This court holds that none of the three exhibits was properly subject to objection on the ground of "insufficient foundation" or on the ground "they are not the best evidence," and that the trial court erred in failing to receive them into evidence.

■ Defendants' oral motion, made at the close of plaintiffs' evidence, was wrongly denominated "motion for directed verdict." A motion for directed verdict is appropriate, under Rule 72.01,[1] in a jury-tried case. In a court-tried case, a motion filed by defendant at the close of plaintiff's evidence should be filed pursuant to Rule 67.02 and designated a motion for a dismissal. *See Stivers Lincoln–Mercury, Inc. v. Abbott,* 796 S.W.2d 923, 925 n. 1 (Mo.App. 1990).

■ Ordinarily, in a court-tried case, the rejection by the trial court of admissible evidence is not a ground for complaint on appeal. *City of Town and Country v. St. Louis County,* 657 S.W.2d 598, 608[16] (Mo.banc 1983); *State ex rel. Anderson v. Sutton,* 807 S.W.2d 152, 154 (Mo.App.1991). That is so because, on appellate review, this court, under Rule 73.01(c)(3), is required to consider admissible evidence which was rejected by the trial court and preserved.

---

1. Except where otherwise indicated, all references to rules are to Missouri Rules of Court,

■ The instant action, however, is one for breach of contract, coupled with a request for liquidated damages and attorney's fees, as set forth in the contract. There was no practical way, on this record, for the plaintiffs to adduce evidence showing defendants' breach of the contract because the contract itself was not in evidence. The trial court rejected the contract and thereby deprived plaintiffs of their basis for recovery of the requested items. It is also likely that if defendants' mislabeled motion had been denied, defendants would have adduced evidence in support of their answer. In view of the record, this court cannot review the case on its merits. *See Saville v. Bradshaw,* 359 S.W.2d 676, 678[2] (Mo.1962); *Jones v. Garden Park Homes Corporation,* 393 S.W.2d 501, 503, 506[8] (Mo.1965); *Capoferri v. Day,* 523 S.W.2d 547, 557–558[2, 3] (Mo.App.1975); *Household Finance Company v. Watson,* 522 S.W.2d 111[13–15] (Mo.App.1975).

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

SHRUM, P.J., concurs.

MAUS, J., concurs.